JOSEPH KEPHART, ex'r, etc., of MARY KIMMEL, executrix, etc., of GEORGE KIMMEL, deceased, *vs.* THE FARMERS' AND MECHANICS' BANK OF MICHIGAN.

The Revised Statutes of 1838, Title 1, Chapter 2, Section 122, page 379, in relation to appeals from the late Court of Chancery to the Supreme Court, provide that when an appeal shall be taken, the appellant shall file a bond, etc., conditioned to pay, satisfy, or perform the decree or final order of the Supreme Court, in case the decree or order of the Court of Chancery shall be affirmed. It was not intended, by this Act, to require the appellant to obligate himself to the performance, etc., of the decree of the Supreme Court, in all its parts, whether he was bound to that extent or not, in the order or decree below; but only to the performance of it in those particulars wherein he was individually bound by the decree appealed from.

Case made from Berrien Circuit.

The case was this : George Kimmel, the plaintiff's testator in his lifetime, held a mortgage on some land in Berrien County, executed by Robert E. Ward and wife. The Farmers' and Mechanics' Bank had a subsequent incumbrance on the same premises. Kimmell brought his bill of foreclosure against Ward and wife, and made the Bank a party thereto. The Bank, appearing in the case, filed an answer, setting up a defence to the mortgage—usury. The Court held the mortgage valid, and decreed a sale of the mortgaged premises, and that Ward, who was personally liable, should pay the deficiency on the sale, if any there was. From this decree the Bank appealed to the Supreme Court, and executed an appeal bond, according to the provision of the Revised Statutes of 1838, p. 379, Sec. 152, conditioned "to pay, satisfy, *or* perform the decree or final order of the Supreme Court, and pay all costs in case the decree or order of the Court of Chancery shall be affirmed."

The decree of the Court of Chancery was affirmed in the Supreme Court; the sale of the mortgaged premises was made thereunder, and there was a large deficiency, which Ward has not paid.

The plaintiffs sued the defendants on the appeal bond, claiming to recover from them such deficiency. The Court below held the defendants liable on the bond for such deficiency, and judgment was rendered against them to the amount of the penalty of the bond, $1,000.

*J. Miller, jr.*, for plaintiffs.

*Walkers & Russell*, for the Farmers' and Mechanics' Bank.

The language of the bond required by the Act, though somewhat ambiguous, not only does not require, but does not authorize that a person having a subsequent claim upon mortgaged premises, might not defend against such mortgage, and have that defence passed upon by the Supreme Court, without the severe penalty, in case of failure, of paying the whole mortgage debt, which he was under no legal or moral obligation to pay. The decree which the appellant is to *pay*, *satisfy*, or *perform*, is the decree against himself, and not *against other parties*.

This seems the only reasonable construction of the terms of the bond, and the facts of this case furnish a significant commentary upon what would be the result of any other conclusion.

Although this is a matter of purely statute construction, and, from the necessity of the case, is rather to be settled by the view the Court take of the Legislative intent, in the use of the prescribed terms; yet we are not without authority to sustain the position, that the rule of damages on appeal bonds, in just this class of cases, is not the deficiency of the mortgage debt, but the actual injury, if any, suffered by the

appellees, arising from the appeal. (*Wood* vs. *Fuller & Stark*, 8 *Har. & Gil.*, 71; *Worth* vs. *Smith*, 5 *B. Mon.*, 504; *Talbot* vs. *Morton*, 5 *Litt.*, 327; 6 *Ala.*, 512.) This, in the case, could only be the costs in the Supreme Court. Special damages by the appeal, if any, should have been settled in the original decree. (*R. S.* 1838, *p.* 547, § 20.)

By the Court, JOHNSON, J.

The decision of this cause depends upon the construction to be given to the statute cited. Was it the intention of the Legislature to require the appellant to give a bond conditioned for the payment, satisfaction or performance of the decree of the Supreme Court, in those respects in which the decree itself should not require payment, satisfaction or performance by the party bringing the appeal, or is it the more reasonable construction to hold, that the party appealing is thereby required to give security for the payment, satisfaction or performance of the decree, to the extent that should be by the decree required of him. We must determine that the latter is the true construction to be given to the statute under consideration; any other one would be unreasonable and unjust.

It is laid down in Bacon's Abridgement (*vol.* 9, *p.* 238), as a rule to be observed in the construction of statutes, that, "the interpretation to be given to the language used to express the intention, should be such as to make the provisions of the statute consistent with reason." See, also, Varrick *vs.* Briggs (6 *Paige*, 323). It can hardly be supposed, that the Legislature intended to require the party appealing to put himself under obligation to pay or perform the decree of the Court, in those particulars where it bore upon other parties exclusively, and in which the Court was powerless to decree payment, or performance on his part. There is no sound reason to support such a construction. In order to obtain a

review of the decree by the appellate Court, it would be necessary to bind himself to the performance of the decree in all its parts, whether he was bound by the decree to that extent or not, if the construction should be given contended for by the plaintiffs.

The unreasonableness of this construction, will be seen by a reference to the terms of the decree appealed from by the defendants.

By it, a sale of the mortgaged premises was decreed, if payment should not be made by a given day, in which case the equity of redemption would be foreclosed, in which respect the rights of the defendants were affected thereby; and in addition thereto, it was decreed that the mortgagor, Robert E. Ward, who was personally liable, should pay such deficiency of the mortgage debt as might appear after a sale of the mortgaged premises. This latter part of the decree was only directed against and affected the said Ward. The defendants were under no legal or moral obligations to pay the same. To require them to give security to pay such deficiency in the event of the affirmance of the decree, would be unreasonable, and such a construction of the statute cannot, in our opinion, be sustained.

It is the province and duty of a Court of Equity to determine the rights of all the parties in the case before it, and to pass such decree against the parties respectively as the nature of the case requires; and although the decree is an entirety, yet it may, and frequently does, embody in its provisions different and diverse requirements of the respective parties against whom it is pronounced. In such cases, the decree may, and should be considered several. In this respect, there is an entire want of analogy between the judgment of a Court at law, and of a Court of Equity, and this furnishes another reason for the construction we have given to the statute.

It was contended by the counsel for the plaintiff, that the appeal of the defendants operated to delay the complainant

in the enforcement of his decree, and this was urged as a reason, that it was the intention of the Legislature to require security for the performance of the entire decree appealed from. This is not tenable, for the Supreme Court had ample power by Section 20, page 547, of the Revised Statutes of 1838, to award damages against the defendants for the delay occasioned by such appeal, and the same might have been fixed and determined by the decree of the Supreme Court. This judgment must, therefore, be reversed, with costs of this Court, and a new trial granted, with the costs below, to abide the event.

Present, JOHNSON, WILLSON, DOUGLASS, MARTIN, J. J.