### Dennis Daly and another v. Liba L. Litchfield and others.

Where a party against whom costs are awarded in chancery appeals to the Supreme Court, the appeal bond given under § 3597 of the Compiled Laws covers these costs, as well as the costs in the Supreme Court, in case the decree appealed from is affirmed.

*Heard July 11th. Decided July 16th.*

On case made from Cass Circuit.

The plaintiffs in this suit filed their bill in Chancery against Litchfield to obtain the specific performance of a contract.

A decree having been made in accordance with the prayer of the bill, and awarding costs against Litchfield, he appealed therefrom to the Supreme Court, and gave the bond provided for by § 3597 of the Compiled Laws. The Supreme Court having affirmed the decree appealed from, with costs, this action was brought on the appeal bond, and the only question in the case was, whether the defendants were liable on the bond for the costs of the Court below; they having paid the costs in the Supreme Court. The Circuit Court gave judgment for plaintiffs.

*J. Hollister*, for plaintiffs.

*D. Blackman*, for defendants.

CHRISTIANCY J.:

We see no reason to doubt that the condition of the appeal bond (required by § 3597 *Comp. L.*) extends as well to the payment of costs decreed and taxed to the appellee in the Court below as to those in this Court.

The condition of the bond is, "to pay all costs in case the decree or order of the Circuit Court in Chancery shall be affirmed." By the English practice and that of some of the states the appeal does not operate as a supersedeas in the Court below. But under our statute (*Comp. L.* § 3598) the appeal operates as a stay of all proceedings in the Court below, and the appellee is precluded from taking any steps by the aid of that Court to recover his costs during the pendency of the appeal. The reason is therefore equally strong for extending the security of the bond to the costs in that Court as to those in the appellate Court, and the language extends equally to both.

The judgment must be affirmed.

The other Justices concurred.