ISAAC P. PROSSER ET AL. v. CLARK J. WHITNEY ET AL.

*Appeal bonds cover costs—Cross-appeals.*

Appeal bonds are not limited to securing such costs only as result from the appeal; they cover also costs made before the decree.

A prevailing party in a chancery cause cannot object, in the appellate court, to the denial of costs below if he has let the case go up on his adversary's appeal alone without appealing himself from so much of the decree as he objected to.

Where the parties to a chancery cause make cross-appeals upon which one succeeds and recovers costs as against the other, the latter's appeal bond may be made to secure their recovery even though his own appeal was merely from a denial of costs below, and the appellate court passed upon his adversary's appeal alone, without reference to his, and awards costs of both courts against him.

Where both cross-appellants fail, costs may be apportioned between them in the discretion of the court and on a consideration of the equities.

Error to Kalamazoo. Submitted June 21. Decided June 29.

ASSUMPSIT. Defendant brings error. Affirmed.

*Brown, Howard & Roos* for plaintiff in error, cited *Bell v. Bruen* 1 How. 184, and *Wheaton v. Thompson* 20 Minn. 196.

*O. W. Powers* for defendants in error.

COOLEY, J. The suit in the court below was by Whitney and Wheat against Prosser and the other plaintiffs in error to recover upon a bond given on taking an appeal in chancery. In the chancery cause Whitney and Wheat were complainants and Prosser was one of several defendants. The decree denied to the complainants the relief they prayed, but it also denied costs of his defence to Prosser. Complainants appealed and so did Prosser; and under the statute the parties appealing were required to give bond to

abide the order of the appellate court. Prosser's bond was in the penal sum of one hundred and fifty dollars, and the condition was as follows: "The condition of the above obligation is such, that whereas, on or about the 19th day of February, A. D. 1879, a decree was entered in the circuit court for the county of Kalamazoo, in chancery, in a certain cause therein pending, wherein the said Clark J. Whitney and Isaac C. V. Wheat are complainants, and the said Isaac P. Prosser, among others, are defendants; and whereas, the said complainants have appealed from said decree to the Supreme Court of the State of Michigan; and inasmuch as in and by said decree the said Isaac P. Prosser is denied costs of suit in the circuit court, and he having appealed from that portion of said decree denying him costs. Now, therefore, if the said Isaac P. Prosser shall pay, satisfy and perform the decree or final order of said Supreme Court, and shall pay all costs in case the decree of the said circuit court, in chancery, shall be affirmed in parts appealed from by said Isaac P. Prosser, then this obligation to be void, otherwise to remain in full force and effect."

The appellate court by its decree awarded to the complainant the relief prayed for, with costs of both courts as against Prosser. The costs were taxed at upwards of three hundred dollars. An execution issued upon the decree having been returned *nulla bona*, this suit was then instituted upon Prosser's appeal bond. The circuit court gave judgment in favor of the plaintiffs below for the amount of the penalty.

The decree of the Supreme Court took no notice of the separate appeals, but awarded costs to complainants in precisely the same form that it would have done had complainants alone appealed. It is therefore insisted on behalf of plaintiffs in error that there has been no decree whatever upon what they designate the cross-appeal; no special adjudication and no award of costs in respect to it. The decree is single and is made upon the merits which are brought up for consideration by the appeal of complainants; and the award of costs is made in disposing of the merits, and without regard to the appeal taken by Prosser. From

these facts it is insisted that there has been no breach of the bond now in suit; the true intent and meaning of its condition being to secure payment, satisfaction and performance of the decree or final order that should be made on or in respect to the appeal which Prosser had claimed.

If appeal bonds were intended to secure the payment of such costs only as should be made in consequence of the appeal, the argument made for the plaintiffs in error would be very plausible and perhaps conclusive. It might be necessary in that case, before there could be a recovery on any bond where two or more appeals were taken, that the costs should be apportioned by an adjudication of the court, and the proper amount assigned to each appeal. But the appeal bonds are not thus restricted in their scope: the costs made in the case previous to decree in the court of chancery are equally within their condition, and these of course are not referable to the appeal, and cannot be apportioned as between appellants except upon reasons appealing to the discretion and which should have influenced the chancery court.

Nor is there any other reason which is obvious to our minds why the liability of one appellant upon an appeal bond should necessarily be affected by the fact that another party has taken an appeal also. If the case were such that both parties failed in separate appeals, the court would probably apportion the costs between them; but this would be done in its discretion, and on a consideration of equities. But when one appellant succeeds on his appeal, and recovers costs as against the other, there is no reason why the appeal bond of the latter should not secure this recovery.

In the case at bar the complainants appealed. Prosser, had he seen fit, might have left the case to go to a hearing in the Supreme Court on their appeal, but in that case he would have been precluded from making objections to that part of the decree appealed from which denied him costs. *Proctor v. Robinson* 35 Mich. 284. He preferred to appeal from that part; and the statutory condition was that he should give such a bond as he gave. In giving that bond

he and his sureties undertook to "pay, satisfy and perform the decree or final order" of the Supreme Court, and to "pay all costs in case the decree of said circuit court in chancery shall be affirmed in parts appealed from" by him. The appellate court not only sustained and in legal effect affirmed the decree in that part which denied him costs, but it also awarded costs of both courts against him. Plainly, as we think, the case is within the condition of the bond, and the court was right in ordering judgment for the plaintiffs.

The judgment must be affirmed with costs.

The other Justices concurred.