SAMUEL A. KENNEDY v. FREDERICK A. NIMS ET AL.

*Appeal bond in chancery—Suretyship—Tender*

52    153
60     75
64    190

52    153
84    307

52    153
s17NW  735
f132  ¹407

1. The sureties on a chancery appeal bond must pay all costs, including those of the Supreme Court in case of affirmance, but they are not liable upon the bond for any portion of a deficiency left on sale of the appellant's property to satisfy the decree.

2. Tender by defendant of an amount actually due is not an admission of indebtedness to a larger amount claimed by plaintiff.

Error to Kent. (Montgomery, J.)   Oct. 26.—Dec. 20.

ASSUMPSIT. Defendants bring error. Reversed.

*Smith, Nims, Hoyt & Erwin* for appellants.

*Kennedy & Thompson* for appellee. A tender admits the cause of action stated in the declaration: *Johnston v. Columbian Ins. Co.* 7 Johns. 315; *Spalding v. Vandercook* 2 Wend. 431; *Roosevelt v. N. Y. & H. R. R.* 45 Barb. 554; *Eaton v. Wells* 82 N. Y. 577; *Frink v. Coe* 4 Greene (Ia.) 555; *Johnson v. Triggs* id. 97; *Fisher v. Moore* 19 Iowa 84; *Woodward v. Cutter* 33 Vt. 49.

SHERWOOD, J. This action was brought on a bond filed on taking an appeal under Comp. L. § 5180 [How. St. § 6738] from a decree in a foreclosure suit wherein Sewall S. Vaughn was complainant, and Dwight Nims and Ann

W. Nims, his wife, were defendants. The penalty of the bond was $200, and the condition was in the following language:

"If said Dwight Nims and Ann W. Nims shall pay, satisfy or perform the decree or final order of the Supreme Court in said cause, and shall pay all costs in case the decree of the said circuit court in chancery shall be affirmed, then this obligation to be null and void."

The statute requirements of the bond are as follows:

"The appellant shall, within forty days, file with the register or clerk who entered such decree or order, a bond to the appellee, with sufficient sureties, to be approved by a judge of the circuit court or a circuit court commissioner, and in such sum as such judge or commissioner shall direct, conditioned to pay, satisfy or perform the decree or final order of the Supreme Court, and to pay all costs in case the decree or order of the circuit court in chancery shall be affirmed."

The case was originally brought before a justice of the peace, tried, and judgment rendered for the plaintiff. From this judgment an appeal was taken to the Kent county circuit, where it was tried before Judge Hoyt, without a jury, and the plaintiff again had judgment, which was set aside on motion of defendants, and the cause was retried at the circuit before his honor, Judge Montgomery, without a jury. Plaintiff again had judgment for the sum of $160, that being the amount of the penalty in the bond, less the amount tendered by Nims and left with the court. Defendants bring error.

The case is before us on special findings of fact and of law, and the only error assigned is that "the conclusion of law is not supported by the facts."

From the findings of facts it appears that the decree in the case appealed, and in which the bond was given, was affirmed with costs in the Supreme Court; that under the decree appealed from, and which was so affirmed, a sale of the mortgaged premises was had on the 11th day of April, 1879, and from the report of sale it appears that the costs of such sale and the commissioner's fees, together with the

complainant's costs at the circuit, were paid out of the pro-
ceeds of the sale; but the costs of the Supreme Court, taxed
at $34.75, and the deficit on sale of the mortgaged property
of $2438.76, were not paid, and could not be obtained after
demand made therefor of the parties personally liable for
the same under the decree.

The single question presented in this record is, Were the
sureties in the appeal bond liable for anything beyond the
amount of the costs taxed in the Supreme Court?—the costs
in the circuit court having been paid, and no damages hav-
ing been assessed, by way of penalty, on the appeal.    The
decision at the circuit was for the increased liability.

The question presented involves the construction of sec-
tion 144 of the statute above given.    It was decided in the
case of *Kephart v. Farmers' & Mechanics' Bank of Michi-
gan* 4 Mich. 602, that it was not intended by the statute to
require the appellant to oblige himself to the performance
of the decree of the Supreme Court in all its parts, whether
he was bound to that extent or not in the order or decree
below, but only to the performance of it in those particu-
lars wherein he was individually bound by the decree
appealed from.    The appellant in that case was a second
mortgagee who had been made a party defendant, but who
was not liable for the indebtedness upon the first mortgage
or any part thereof.

In the case of *Daly v. Litchfield* 11 Mich. 497, Mr. Jus-
tice Christiancy said:  "We see no reason to doubt that
the condition of the appeal bond (required by the statute)
extends as well to the payment of costs decreed and taxed
to the appellee in the court below as to those in this Court.
The condition of the bond is, 'to pay all costs in case the
decree or order of the circuit court in chancery shall be
affirmed.'"    In this case the decree was affirmed.    In *Pros-
ser v. Whitney* 46 Mich. 407, this Court held that when the
decree at the circuit was affirmed the costs made in the case
previous to decree in the court of chancery are, equally
with the costs in this Court, within the condition of the
appeal bond.    The statute requiring this construction re-

gards the defendant as all the time in fault in making his contest when the decision is against him in the circuit, and will not allow him to take his appeal until he has made sure all costs incurred in making the contest, in case of affirmance.

In the case of *Omaha Hotel Company v. Kountze*, 107 U. S. 378, in an action upon an appeal bond, given on an appeal from the decree in a foreclosure suit under a statutory condition "that the appellant shall prosecute his appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs where the writ is a supersedeas, or all costs only where it is not a supersedeas," it was held: "if the bond is to be regarded as importing nothing more than the bond prescribed by the statute, it is clear that it did not operate as security for the original decree."

The object of the bond is to save all the rights of the appellee, without prejudice or diminution during the pendency of the appeal, and at the same time to prevent frivolous, vexatious and unnecessary appeals. It is not intended as an additional security for the original indebtedness of the delinquent party, but as an indemnity to the appellee against further trouble, expense and costs while the case is undergoing a review in this Court to ascertain whether or not error has been committed or injustice done the appellant by the decree of the court below. I do not think that under the findings in this case the surety in the appeal bond is liable for any portion of the deficit in the mortgage indebtedness.

The costs in the circuit were paid from the moneys realized from the sale of the property under the decree; and when this suit was brought the surety tendered the costs of this Court and the expenses of the suit to that time. This discharged his liability upon the bond. The tender was no admission of the amount claimed, but of an indebtedness to the amount he was actually liable for. The complainant received the amount tendered after the appeal to the circuit court was taken. I do not think the judgment is supported by the facts found by the circuit judge.

The judgment must be reversed, and a judgment entered for the defendant with costs of both courts.

The other Justices concurred.