ALEXANDER MICHIE v. PETER N. ELLAIR, ARCHIBALD G. ELLAIR, AND THOMAS G. CRAIG.

*Chancery appeal bond—How. Stat. sec. 6738—Legislative intent—Liability of sureties, limited to payment of costs upon the appeal proceedings— Bond not intended as additional security for original debt.*

1. The intention of the Legislature in amending the statutory condition of the bond given on a chancery appeal (Act 13, Public Laws of 1877), was to limit the liability of the obligors to the payment of costs upon the appeal proceedings, and the undertaking of the sureties in such bond cannot be enlarged by the courts.

2. In a suit on such a bond, the obligee cannot recover judgment for the costs awarded him in the circuit court in chancery by the decree appealed from.

3. The condition in such bond, "for the performance of the decree of the Supreme Court," cannot be construed as raising a liability for the payment of the costs below, any more than the payment of a money decree; and said bond is not intended as additional security for the original indebtedness, but as an indemnity to the appellee against further trouble, expense, and costs, while the case is undergoing a review in the Supreme Court: *Kennedy v. Nims,* 52 Mich. 153; *Kountze v. Omaha Hotel Co.,* 107 U. S. 378-91.

Error to Wayne. (Speed, J.) Argued February 3, 1886. Decided February 10, 1886.

Debt on appeal bond. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Geo. H. Prentis,* for appellant.

*Ed. E. Kane,* for defendants.

MORSE, J. The plaintiff sued defendants upon an appeal-bond, the condition of which was as follows:

" Whereas, the above-named Peter N. Ellair has appealed to the Supreme Court of the State of Michigan, from the decree and final order of the circuit court of Wayne county, in chancery, made February 7, 1884, in a cause in which the above-named Alexander Michie was complainant, and said Peter N. Ellair, defendant. Now, therefore, the condition of this obligation is such, that if said appellant shall perform and satisfy the decree or final order of said Supreme Court, in said cause, and shall pay all costs of said appellee in the matter of appeal that may be awarded against said appellant, then this obligation to be void, otherwise to remain in full force and virtue."

This bond was filed under the statute as amended in 1877, which provides that the condition of the bond shall be in substance as the above condition.

Upon the trial in the circuit court, the plaintiff made proof of a decree in his favor in the circuit court for the county of Wayne, in chancery, in a cause wherein the plaintiff was complainant, and the defendant, Peter N. Ellair, was defendant, establishing the title of the complainant to certain real estate in said county of Wayne, with costs of suit taxed against said Ellair for $48.20 ; that Ellair appealed said cause to the Supreme Court, and this bond was given on such appeal ; also the duly certified copy of an order of the Supreme Court affirming the decree of the circuit court, in chancery ; also the bond on appeal, and that the costs in the circuit court, in chancery, had not been paid.

The defendants then showed that the costs in the Supreme Court had been paid, and that no execution had ever been issued from the circuit to collect the costs taxed in that court. Thereupon the circuit judge instructed the jury to find for defendants, which action is assigned as error.

The only question involved under this assignment, is whether or not the plaintiff was entitled to a verdict against the defendants, for the costs taxed in the circuit court, in chancery. The order of the Supreme Court gave the complainant in the chancery cause "his costs to be taxed," which only had reference to the costs in this Court.

The statute in relation to appeal bonds of this kind, previous to the amendment of 1877, provided that the condi-

tion should run to "pay, satisfy, or perform the decree or final order of the Supreme Court, and to pay *all costs* in case the decree or order of the circuit court, in chancery, shall be affirmed."

Under a bond executed in compliance with this statute, we held that the sureties upon the bond were liable for the costs taxed in the circuit, as well as in this Court: *Daly v. Litchfield*, 11 Mich. 497; *Prosser v. Whitney*, 46 Mich. 407.

The intention of the Legislature in amending the statutory condition of the appeal bond, must have been to limit, as it did in express words, the liability of the obligors to the payment of the costs upon the appeal proceedings.

The undertaking of the sureties cannot be enlarged by the courts. These sureties, defendants, only obligated themselves to pay the costs "in the matter of appeal." In signing this bond with such a condition they complied with the statute then and now in force, and it is only just that they be required to fulfill no more than they agreed to.

It is argued that the Legislature intended to require the appellant to give security for the satisfaction or performance of the decree of the lower court, to the extent that should be by the decree required of him; and that a part of that decree being that he should pay the costs taxed against him, the sureties upon the bond are liable for these costs. If this be true as to the costs in the court below, then, under the same reasoning, the sureties would be liable as security for the payment of a money decree in that court. But it was held in *Kennedy v. Nims*, 52 Mich. 153, that such was not the proper construction of the old statute, which, as to the condition of performance or satisfaction of the decree, did not differ from the present law. "It (the bond) is not intended as an additional security for the original indebtedness, but as an indemnity to the appellee against further trouble, expense, and costs while the case is undergoing a review in this Court." See also *Kountze v. Omaha Hotel Co.*, 107 U. S. 378, 391.

The judgment below is affirmed, with costs.

The other Justices concurred.