C. ERNEST WARNER, ADMINISTRATOR, ET AL. v. CARO-
LINE L. CAMERON ET. AL.

[See 53 Mich. 371, 375.]

*Pleading—Demurrer—Liability on chancery appeal bond.*

1. A trustee was decreed to convey certain land to the *real* owner, and pay for waste committed on the premises, and a mortgage executed to his co-defendant was declared void and its discharge ordered. Costs were awarded against *both* defendants, who appealed to the Supreme Court, and executed a *joint* bond as principals, conditioned for the performance and satisfaction of the decree or final order of the appellate court, and for the payment of all costs of complainants in the matter of the appeal. The decree was affirmed as to the trustee, with costs, and modified so as to protect the rights of the mortgagee defendant, who was neither to pay nor recover costs in either court; and thereupon the complainants brought suit on the bond against *both* of the appellants, assigning as a breach the failure of the trustee to perform the decree of the Supreme Court. The mortgagee defendant demurred to the declaration because—

    *a*—It failed to set forth a cause of action as against her;
    *b*—Or to aver that costs were awarded against her in the Supreme Court;
    *c*—Or to assign breaches as against her; and—
    *d*—She was released from liability on the bond by the decree of the Supreme Court.

The demurrer was overruled, and judgment entered on an assessment of damages covering the waste, costs of the circuit and Supreme courts, and interest on the several amounts.

*Held,* that the declaration set forth a cause of action, and, as nothing appeared on the face of the pleading to show the alleged discharge of the mortgagee defendant from liability, this defense could not be raised on demurrer.

*Held*, further, that the decree of the Supreme Court, read in evidence on the assessment, showed such release, and the judgment, as to her, will be reversed, with costs of both courts.

2. Recovery upon a chancery appeal-bond executed pursuant to How. Stat. § 6738, is limited to costs upon the appeal proceedings. *Michie v. Ellair*, 60 Mich. 73.

Error to Calhoun. (Hooker, J.) Argued November 10, 1886. Decided January 13, 1887.

Assumpsit. Defendant Cameron brings error. Reversed, and judgment for costs entered in her favor. The facts are stated in the opinion.

*John C. Patterson* (*William H. Brown*, of counsel), for appellant.

*A. M. Culver*, for plaintiffs.

CHAMPLIN, J. Plaintiffs' intestate obtained a decree in the circuit court against the defendants, declaring that Reuben C. Sibley held certain lands in trust for complainant, and had, as such trustee, been guilty of waste, and directing the execution of a deed, and payment of $12 damages on account of waste committed; also declaring a certain mortgage executed by Sibley to defendant Cameron to have been made by Sibley *mala fide*, and null and void, and directing its discharge of record, and that defendants pay complainant her costs of suit.

After decree, and before the expiration of the time allowed by the statute for appeal, complainant died, and the suit was revived in the names of the above-named plaintiffs.

Reuben C. Sibley and Caroline L. Cameron appealed from the decree to the Supreme Court, and, as principals, with two sureties, joined in a bond, a copy of which is as follows:

"Know all men by these presents, that we, Reuben C. Sibley and Caroline L. Cameron, as principals, and Wellington Bidwell and Theodore Hall, as sureties, are held· and

firmly bound unto William A. Warner, administrator of the estate of Mary Jane Warner, deceased, Myron A. Warner, Ernest Warner, Cordon Adelbert Warner, and Carlinda E. Oaks, or to their certain attorney, heirs, executors, administrators, and assigns; which payment well and truly to be made we bind ourselves, our heirs, executors, and administrators, and each and every one of them, firmly by these presents.

"Sealed with our seals; dated the twenty-fifth day of June, 1883.

"The condition of this obligation is such that if the above-named Reuben C. Sibley and Caroline L. Cameron, impleaded with Harvey B. Hall, as defendants, and now revived in the names of the above-named obligees as complainants, shall pay all costs of the said William A. Warner, administrator of the estate of Mary Jane Warner, deceased, Myron A. Warner, Ernest Warner, Cordon Adelbert Warner, and Carlinda E. Oaks, in the matter of appeal of said cause, without fraud or delay, then this obligation shall become null and void; otherwise to remain in full force and virtue.

"REUBEN C. SIBLEY.          [L. S.]
"CAROLINE L. CAMERON.       [L. S.]
"THEODORE HALL.             [L. S.]
"WELLINGTON BIDWELL."       [L. S.]

The penalty of this bond was fixed, and the bond approved, by a circuit court commissioner.

Another bond of like import was also approved and filed, but is unimportant in the discussion of the points raised, which apply alike to both bonds.[1]

The Supreme Court affirmed the decree as to all except Mrs. Cameron, and modified it so as to protect her rights as mortgagee. Costs were decreed against Sibley; but as Mrs. Cameron made a *joint* appeal, and signed a *joint* bond, it was decreed that as to her no costs should be granted either in the Supreme Court or the court below, and that no costs should go against her in either court. *Warner v. Hall*, 53 Mich. 371, 375.

This is a joint action against the obligors in the appeal-

---

[1] The other bond was conditioned for the *performance* and *satisfaction* of the decree or final order of the Supreme Court, and the payment of all costs of complainants in the matter of the appeal.

bond. The declaration sets forth the bond and conditions, and then proceeds to assign the specific breaches for which the action is brought, as follows:

"And although afterwards, to wit, on the sixteenth day of April, A. D. 1884, at the term of said Supreme Court held at the Supreme Court room in the city of Lansing, said decree of said circuit court, in chancery, so far as it decreed payment and performance by the said defendant, Reuben C. Sibley, was affirmed, and he, by the final order and judgment of said Supreme Court in the matter of said appeal, was adjudged and decreed to pay the costs of both courts to the said complainants named in the condition of said bond, which amounts to a large sum, to wit, the sum of $177.76, yet the said plaintiffs aver, and in fact say, that the said Reuben C. Sibley hath not paid the amount of the judgment and decree so affirmed, and the costs, nor any part thereof, so decreed to be paid by the final order and decree of said Supreme Court, in the matter of said appeal, to the said complainants, nor to said plaintiffs, according to the tenor and effect of the writing obligatory; and the final order and decree so as aforesaid affirming said decree appealed from still remains in full force and effect, in nowise satisfied, vacated, or discharged, of all which the defendants had notice."

The defendants Sibley, Hall, and Bidwell did not plead, and their default was taken.

Mrs. Cameron demurred to the declaration, and assigned the following grounds:

"1. That the said declaration does not set forth any cause of action, as against the defendant Caroline L. Cameron.

"2. The said declaration does not aver that costs were adjudged against the said Caroline L. Cameron by the Supreme Court in the case mentioned, so as to make this defendant liable upon the appeal-bond therein mentioned and set forth.

"3. No breaches of the several bonds declared upon are averred, as against this defendant.

"4. The Supreme Court expressly declared and determined in the case referred to that this defendant, Caroline L. Cameron, should not be liable for costs therein, and thereby released her from all liability on said appeal-bond; and also for that the said declaration is in other respects uncertain,

informal, and insufficient, as against the defendant Caroline L. Cameron."

The demurrer was overruled, with leave to plead; but, defendant preferring to stand upon her demurrer, her default was entered for want of a plea, and damages were assessed by the court, which included:

1. The $12 decreed to be paid by Sibley as waste;
2. Costs of the circuit court, in chancery;
3. Costs of the Supreme Court awarded against Sibley;
4. Interest on the several items taxed, viz., on the damages from the date of the decree, and on the costs from date of taxation;—

And judgment was rendered therefor by the circuit court.

The first question presented is whether the declaration alleged a cause of action against Mrs. Cameron. The only breach of condition assigned was that the obligor Sibley had not performed the decree of the Supreme Court in not paying the $12 awarded as damages for waste, and in not paying the costs of the suit decreed against him. This showed a cause of action upon the bonds set out, in which Mrs. Cameron and Sibley were principals, and the other defendants were sureties. Nothing appeared upon the face of the declaration to show that Mrs. Cameron was discharged from any obligation to pay or perform the decree. This defense could not be raised by demurrer, unless the fact appeared upon the face of the declaration.

Upon the assessment of damages, the decree of the circuit court, in chancery, was read in evidence; the two appeal-bonds; the decree of the Supreme Court made on appeal; and the certified copy of the bills of costs. From this evidence it appeared that the interest which Mrs. Cameron had in the suit was distinct from that of Sibley. She appealed to protect her mortgage interest, and prevailed. So far the decree was in her favor. In the matter of costs, she did not recover any, and none were awarded against her. The condi-

tion of the bond, so far as she was concerned, was fulfilled.

Appeal-bonds in chancery have been construed by this Court in the following cases: *Kephart v. Farmers' & Mechanics' Bank*, 4 Mich. 602; *Daly v. Litchfield*, 11 Id. 497; *Prosser v. Whitney*, 46 Id. 405; *Kennedy v. Nims*, 52 Id. 153; *Michie v. Ellair*, 60 Id. 73.

Under these decisions, it was not competent to include in the assessment of damages against Mrs. Cameron the damages decreed against Sibley, nor the costs of the lower court. It is apparent from the opinion reported in 53 Michigan Reports that it was not the intention that Mrs. Cameron should be held liable for any costs in the chancery case. Express mention is made of the fact that she joined in the appeal and in the bond with Sibley, and on that account, while not awarding any costs in her favor, which she otherwise would have been entitled to, it was said that no costs should be awarded against her, and it was so decreed. Under these circumstances, she cannot be held liable upon the appeal-bond.

The judgment must be reversed, and a judgment entered here in her favor for the costs of both courts.

The other Justices concurred.