# OCTOBER TERM, 1890.

82 305
s46ᴺᵂ 670
132 ¹407

JOSEPH F. RICHARDSON ET AL. V. CHARLES W. RICH-
ARDSON ET AL.

*Appeal to Supreme Court—Bond—Amount of penalty—Additional
bond.*

1. The chancery appeal-bond provided for by How. Stat. § 6738, is.
   intended to secure the performance or satisfaction of any
   decree the Supreme Court may make, where such decree is a.
   *personal* one, requiring the party to do some act or pay some-
   amount of money not *otherwise* secured.
2. In fixing the penalty of an additional chancery appeal-bond
   under the power conferred by Act No. 13, Laws of 1877, the
   Supreme Court will look to the decree made by the court
   below for a criterion to enable it to fix such penalty.
3. A party is not guilty of laches in not making a motion for the-
   filing of an additional appeal-bond during the term in which
   the transcript is filed, where there is but, one motion day in
   that term after such filing at which the motion could be heard.

Appeal from Wayne. (Reilly, J.) Argued October 7,.
1890. Decided October 9, 1890.

Motion by complainants for additional appeal-bond..
Granted. The facts are stated in the opinion.

*J. D. Turnbull* and *James H. Pound,* for motion.

*R. J. Kelley, A. G. Comstock, J. C. Shields,* and *E. F.
Conely (Ashley Pond,* of counsel), *contra.*

82 MICH.—20.                305

CHAMPLIN, C. J. The court below rendered a decree in favor of complainants and against defendants, in the sum of $45,167.66, for diverting said moneys from a trust fund, and defrauding complainants thereof. The complainants appealed to this Court, and the defendants also took separate appeals. The circuit judge approved the appeal-bonds of defendants. The penalty of each bond was $1,000, and contained the condition provided in the statute. The defendants have printed the record, and the complainants noticed the cause for hearing at the present term of this Court. On September 19 last, the complainants' solicitor gave notice to defendants of a motion to be made to this Court on the 7th day of October inst., requiring them to file additional bonds, on the ground that the penalty of the bonds is insufficient in amount.

It appears that the decree was entered in the court below on May 5, 1890, and that the transcript was filed in this Court on June 23, 1890, and the objection is made that the motion comes too late; that it should have been made during the June term, as the court heard motions at that term as late as July 1. But, as this was the only motion day at which it could have been heard, we do not think that the complainants were guilty of laches in not noticing the motion for that day.

It is also claimed that the office of a bond upon appeal is merely to indemnify and secure the opposite party against damages arising from delay, and to pay the costs of the appeal. The statute[1] prescribes that the bond shall be "conditioned for the performance or satisfaction of the decree or final order of the Supreme Court in the cause, and payment of all costs of the 'appellee or appellees in the matter of appeal." Decisions of this Court are cited in support of this position: *Michie v. Ellair*, 60

---

[1] How. Stat. § 6738.

Mich. 73; *Kennedy v. Nims,* 52 Id. 153; *Prosser v. Whitney,* 46 Id. 407; *Daly v. Litchfield,* 11 Id. 497. All of these decisions arose in cases where mortgages were foreclosed, except one, which related to costs. This Court gave a construction to the statute in the case of *Kephart v. Bank,* 4 Mich. 602, and it was there held that the statutory condition did not require parties who were not personally obligated to pay a mortgage debt to pay a deficiency arising from the sale of the premises mortgaged. The principle applicable to such cases is that, where the parties have agreed upon the security for the debt, the statute was not intended to afford an additional security to that which the parties had agreed upon, but as an indemnity against damages for the delay. The same principle has been applied where there is a fund in court which is the subject of the litigation. But neither this Court nor any other that we are aware of has held that, where there is no fund in court, nor mortgage security, but a personal decree for the payment of money, the statute merely requires a bond sufficient to pay any damages for delay and costs of the appeal. The only case where the point has arisen in this Court was in *Moore v. Olin,* 6 Mich. 328. In that case this Court recognized the condition required by the statute, but held that, as the statute then stood, we had no control over the bond, inasmuch as the statute gave us no power over it. In other courts it has been held, in cases where there was no security by way of mortgage for the debt, and no fund in court to stand as security, the bond should be for the payment of the judgment or decree. *Catlett v. Brodie,* 9 Wheat. 553. In *Roberts v. Cooper,* 19 How. 373; *Rubber Co. v. Goodyear,* 6 Wall. 153; *French v. Shoemaker,* 12 Id. 86; *Jerome v. McCarter,* 21 Id. 17; *Ex parte French,* 100 U. S. 1; *Supervisors v. Kennicott,* 103 Id. 554;

*Kountze v. Omaha Hotel Co.,* 107 Id. 381,—the distinction between cases where there is no security between the parties and no fund in court, and the amount the bond should be given for, is pointed out, and it is shown that such indemnity, when the judgment or decree is for the recovery of money not otherwise secured, must be for the whole amount of the judgment or decree. So well has the principle been established that it is embodied in rule 29 of that court.

Effect cannot be given to the language of the statute except by holding that the bond is intended to secure the performance or satisfaction of any decree the Supreme Court may make, where such decree is a personal one, requiring the party to do some act or pay some amount of money not otherwise secured.

Before the amendment of 1877,[1] the approval of the bond, including the amount of the penalty and the sufficiency of the sureties, was exclusively for the circuit judge or circuit court commissioner, and this Court had no power to review their action, or to order an additional bond. But by that amendment power was conferred upon this Court, upon a proper showing after the appeal was perfected, to order an additional bond, and to fix the penalty thereof, and approve the sureties thereto. While the condition of the bond is to perform and satisfy the decree or final order of the Supreme Court, and it cannot be known what that will be until the case is heard and determined, yet this Court will look to the decree made by the court below for a criterion to enable us to fix the penalty of the bond.

An order will be entered granting the motion. Each defendant who has appealed will, within 15 days, file with the clerk of this Court an additional bond conditioned

---

[1] Act No. 13, Laws of 1877.

as the statute requires, in a penalty of $25,000, with sureties to be approved of by this Court, who will justify as to their responsibility under oath.

The other Justices concurred.