REID *v.* WAYNE CIRCUIT JUDGE.

1. APPEAL BOND—PAYMENT OF DECREE.

   An appeal bond in chancery does not secure the payment of a decree which is otherwise secured. *Kennedy* v. *Nims,* 52 Mich. 153.

2. SAME—STARE DECISIS..

   The former decision that an appeal bond does not secure the payment of a decree otherwise secured, even if wrong, will not be overruled, as it would impose upon those who became sureties, relying upon it, obligations from which they had a right to suppose themselves exempted.

*Mandamus* by James Reid and others to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate an order requiring an excessive appeal bond. Submitted November 18, 1902. (Calendar No. 19,644.) Writ granted March 12, 1903.

*Tarsney & Fitzpatrick,* for relators.

*C. A. Kent,* for respondent.

PER CURIAM. This is an application for a *mandamus* to compel respondent to set aside an order fixing the penalty of an appeal bond at the sum of $30,000. Relators are the defendants in a chancery suit brought by Edmund Hall. The court below rendered a decree finding that relators were indebted to said Hall, on an accounting, for a large sum of money, and that this indebtedness is secured by certain property. It decrees that this property shall be sold, the proceeds applied to reduce said indebtedness, and declares that said Hall is entitled to a personal decree against the defendants for the balance. The court below, proceeding upon the ground that the appeal bond secured the payment of said balance, made the order complained of, and refused to approve a bond proffered by relators for the penal sum of $1,000.

*Kennedy* v. *Nims*, 52 Mich. 153 (17 N. W. 735), decides that the appeal bond does not secure the payment of such balance.  While the reasoning upon which this decision was based was disapproved by this court in the case of *Richardson* v. *Richardson*, 82 Mich. 305 (46 N. W. 670), its effect as an authority, on the facts involved, has never been shaken.  Indeed, in *Richardson* v. *Richardson* this court recognizes that the appeal bond does not secure the payment of a decree which is "otherwise secured."  Respondent's counsel contends that *Kennedy* v. *Nims* was incorrectly decided, and should be overruled. We must decline.  Even if that case was not properly decided, the rule of *stare decisis* should apply.  To overrule it would impose upon those who became sureties, relying upon said decision, obligations never voluntarily incurred, and from which they had a right to suppose themselves exempted.

The writ of *mandamus* must issue as prayed.