KELLY *v.* GAUKLER.

1. APPEAL AND ERROR—CHANCERY PRACTICE—DECREE.
   Chancery cases on appeal are heard *de novo* in the Supreme
   Court, which makes its own decree.

2. SAME—STATUTES—BOND.
   While Act No. 340, Pub. Acts 1907, does not require a bond on
   appeal except to stay proceedings, the construction of the
   bond need not therefore be different than that prevailing un-
   der the previous statute, which required the bond to perfect
   an appeal.

3. SAME—BOND—PERSONAL DECREE.
   A decree of foreclosure, ordering a sale of premises for default
   in the terms of a land contract, is not a personal decree, or
   different in principle from a decree foreclosing a mortgage.

4. SAME—FORECLOSURE—VENDOR AND PURCHASER:
   No personal liability is enforceable against the defendant in
   foreclosure proceedings under a decree for the sale of land,
   until after sale and a deficiency, and subsequent proceedings
   to secure a deficiency decree.

5. SAME—DEFICIENCY—EQUITY JURISDICTION.
   Under the original equity jurisdiction there was no power to
   enter a personal decree against the mortgagor; the power be-
   ing conferred by statute.

6. SAME—FORECLOSURE—BOND—DECREE.
   Where the decree of this court, on appeal from a decree of
   foreclosure, modified the order of the lower court with costs
   to the appellee, and no damages were awarded for delay or
   loss to the appellee, the appellant is not liable for a deficiency
   arising on sale of the premises in assumpsit, upon the appeal
   bond given in pursuance of Act No. 340, Pub. Acts 1907.

Error to Wayne; Erskine, J., presiding. Submitted
January 4, 1911. (Docket No. 12.) Decided February
1, 1911.

Assumpsit by William T. Kelly against Francis O.
Gaukler and the Electric City Amusement Company on

an appeal bond. Judgment for defendant. Plaintiff brings error. Affirmed.

*Keena, Lightner & Oxtoby*, for appellant.

*George W. Radford* and *Louis C. Wurzer*, for appellees.

STONE, J. This is an action of assumpsit brought by William T. Kelly as assignee of Carl E. Schmidt upon the appeal bond in a chancery cause given by defendant Electric City Amusement Company with defendant Francis O. Gaukler as surety in *Schmidt v. Gaukler*, 156 Mich. 243 (120 N. W. 746).

Without commenting upon counsel's criticism of the declaration, we gather from the findings of the circuit judge, before whom this cause was tried, the following history of the cause: On September 19, 1907, one Carl E. Schmidt filed his bill of complaint in the circuit court for the county of Wayne, in chancery, against Arthur H. Gaukler, Electric City Amusement Company, and Union Trust Company, trustee, defendants, to foreclose a certain land contract theretofore made between Carl E. Schmidt, as vendor, and said Arthur H. Gaukler, as vendee, and by the latter duly assigned to the said Electric City Amusement Company, which contract is set forth in said bill of complaint. The defendants named in the said bill of complaint appeared and filed separate answers, the Union Trust Company, trustee, amending its answer at the hearing, setting up its rights as a subsequent mortgage incumbrancer, claiming to hold certain mortgages given to secure two issues of bonds, and defendant Gaukler filed a cross-bill with his answer. Upon the issues thus formed the cause was heard on pleadings and proofs taken in open court. On April 30, 1908, a decree of foreclosure was entered in said cause. Said decree was in the form generally used in the foreclosure of mortgages, save that it declared the lien of the Union Trust Company, trustee, under its mortgages. It ordered that, if the

money arising from the sale should be insufficient to pay the amount so decreed to be due complainant with interest thereon and costs and expense of sale, as therein provided, the commissioner should specify such deficiency in his report of sale, and that the complainant have leave, upon the coming in of said report, and its confirmation, to apply for execution for such deficiency against defendant Electric City Amusement Company, which was thereby decreed to be personally liable for the debt secured by said contract. The defendant Electric City Amusement Company was in possession of the premises at the date of said decree, and remained in possession up to the sale thereof, hereinafter mentioned, and was, and had been up to the time of the sale, enjoying the rents and profits therefrom, and, desiring to perfect an appeal from said decree to this court, filed its claim of appeal, and thereafter perfected its appeal pursuant to the provisions of Act No. 340, Pub. Acts 1907. On or about June 2, 1908, it filed its appeal bond with the defendant Francis O. Gaukler as surety therein. The said bond, together with its approval, was as follows:

"Know all men by these presents, that we, Electric City Amusement Company, a Michigan corporation, as principal, and Francis O. Gaukler, as surety, are held and firmly bound unto Carl E. Schmidt in the sum of five thousand dollars ($5,000.00) lawful money of the United States of America, to be paid to the said Carl E. Schmidt, or to his certain attorney, heirs, executors, administrators and assigns, to which payment well and truly to be made, we bind ourselves, our successors, heirs, executors, and administrators, and each and every one of them, firmly, by these presents.

"Sealed with our seals and dated the 26th day of May, A. D. 1908.

"Whereas the above-named Electric City Amusement Company has appealed to the Supreme Court of the State of Michigan from the decree of the circuit court for the county of Wayne, in chancery, made on the 30th day of April, A. D. 1908, in a certain cause in said court, in which Carl E. Schmidt was complainant and Electric City Amusement Company et al. defendants:

"Now, therefore, the condition of this obligation is such, that if the said Electric City Amusement Company shall diligently prosecute its said appeal and shall pay all costs which may be taxed, or which have been taxed against it in this cause, and shall perform all relief which it may be required to perform by the final decree entered in this cause upon the appeal, then this obligation to be void, otherwise to remain in force.

"ELECTRIC CITY AMUSEMENT COMPANY,
[Signed]        "By ARTHUR H. GAUKLER,
                    "President.   [Seal]
[Signed]            "FRANCIS O. GAUKLER.
                                [Seal]

"STATE OF MICHIGAN, } ss.:
"COUNTY OF WAYNE. }

"I, Alfred J. Murphy, the circuit judge who entered said decree, do hereby certify that I have examined the within bond, and do hereby approve of said bond, the sufficiency of the surety thereon being approved in open court and the sum for which said bond is given being the sum of five thousand dollars ($5,000.00).
[Signed]            "ALFRED J. MURPHY.
"Dated, June —, 1908."

A subsequent order of approval of said bond was found pinned to said bond at the time the same was offered in evidence on the trial of this cause as follows:

"STATE OF MICHIGAN, } ss.:
"COUNTY OF WAYNE }

"I, Alfred J. Murphy, the circuit judge who entered said decree, do hereby certify that I have examined the within bond, and do hereby approve of said bond, the sufficiency of the surety thereon, being approved in open court, and the sum for which said bond is given, being the sum of five thousand dollars, said sum of five thousand dollars being fixed as adequate only on the agreement of counsel for appellant that said case on appeal will be settled with all diligence, and will, if possible, be placed on Supreme Court docket for the October, 1908, term. If the matter is delayed until 1909, the court reserves the right to increase the bond, so as to protect the complainant's rights.
[Signed]            "ALFRED J. MURPHY.
"Dated June 2, 1908."

There was no evidence introduced showing that defendant Francis O. Gaukler had any knowledge of the making of said last order of approval.

Said chancery cause thus appealed was argued and submitted in this court on April 12, 1909, and decided in an opinion filed April 16, 1909, and reported as above stated. The final decree of this court was entered on April 17, 1909, and was in substance as follows:

"This case having been brought to this court by appeal from the circuit court for the county of Wayne, in chancery, and having been argued by counsel, and due deliberation had thereon, it is now ordered, adjudged, and decreed by the court that the decree of the circuit court for the county of Wayne, in chancery, be and the same is hereby in all things affirmed, except as to paragraphs five (5) and six (6) of said decree, which are stricken out, and in place thereof a new paragraph 5*a* inserted, to read as follows:

"'(5*a*) If the lands and premises described in the bill of complaint and in this decree hereinafter described shall sell for more than the amount due complainant, any surplus arising from said sale shall be brought by the commissioner into the said circuit court for the county of Wayne, in chancery, there to abide, until the determination by that court, upon proofs to be taken of the respective rights of the Union Trust Company, trustee, and the Detroit Trust Company, trustee, under the mortgages in which they are at this time respectively trustees.'

"And it is further ordered, adjudged, and decreed that the complainant do recover of and from the appellant Electric City Amusement Company and Francis. O. Gaukler, surety on the appeal bond, his costs to be taxed. And said cause is remanded to said Wayne circuit court, in chancery, for further proceedings under said decree, as herein modified and affirmed."

The record and proceedings therein were remanded by this court on April 19th following, and on April 26th following complainant's costs were taxed in this court at $48.15, which were paid on April 28, 1909. On June 1, 1909, the premises were sold pursuant to such decree, and bid in by Carl E. Schmidt for the sum of $61,000, leaving a deficiency of $2,722.54 of the amount due upon said de-

cree at the date of such sale. The commissioner duly reported said sale to said court, and the report was duly confirmed with the consent of the defendant Electric City Amusement Company. The complainant subsequently thereto took no further steps to procure a decree for the deficiency arising on such sale against the Electric City Amusement Company, nor made demand of said company for the payment thereof. The rental value of said premises during the years 1908 and 1909 exceeded the sum of $3,000 per annum. Upon the above statement of facts, the circuit judge found that the chancery appeal having been prosecuted to effect, and complainant's costs paid, there was no breach of the appeal bond, and he entered judgment for the defendants.

The plaintiff brings error. The assignments of error may well be considered together as raising the single question of liability on an appeal bond given in a chancery foreclosure of a land contract, pursuant to Act No. 340, Pub. Acts 1907. It is the claim of the appellant that under the decree of this court the condition of the bond was not performed, and that he is entitled to recover from the obligors therein the amount of his damage, not exceeding the penalty of the bond, and that his damage is proven by the deficiency found upon the sale, being $2,722.54, that sum being less than the rental value of the property for the year during which the complainant therein was deprived of the possession thereof. On the other hand, it is contended by the defendants that the appeal was diligently prosecuted to effect; that the modification of the decree below made by this court should be considered, and that, in any event, the only liability of Francis O. Gaukler as surety on the bond was that fixed by this court for costs, which has been satisfied by payment; that the defendant Francis O. Gaukler, surety, is not liable for the deficiency of $2,722.54, either under the facts, or under the law pursuant to which the bond was given.

Section 2 of said act of 1907 reads as follows:

"Any person conceiving himself aggrieved by the decree of any court in chancery may, within forty days after the filing of the decree, claim an appeal from the said decree to the Supreme Court of the State of Michigan by filing a written claim of appeal with the register of the court in which the decree complained of was rendered. Final process shall not issue nor shall any proceeding for the enforcement of said decree be had if said appellant shall file with the aforesaid claim a bond to the opposite party in amount to be fixed by the court in which the decree was rendered, or by any judge thereof or by any circuit court commissioner of the county in which the decree was rendered, signed by one or more sureties to be approved by the court which rendered the decree or in his absence by a circuit court commissioner and conditioned for the diligent prosecution of the appeal, for the payment of costs which may be taxed or which have been taxed in the cause, and for the performance of all relief which the appellant may be required to perform by the final decree entered in said cause upon the appeal."

The condition of the bond given is in exact conformity with the above provision of the statute, to wit:

"And shall perform all relief which it may be required to perform by the final decree entered in this cause upon the appeal."

There having been no decision of this court construing this particular statute, it may be well to compare its provisions with those of the former statute, in order to reach a correct construction of the statute in question, and thereby determine whether the surety on the bond here in suit is liable for the deficiency reported after the foreclosure sale. The first statute in this State providing for chancery appeals appears in Rev. Stat. 1838, p. 379:

"Sec. 122. Such appeal shall be claimed and entered within ninety days from the time of the making of such decree or final order, and the appellant shall, within the said ninety days, file a bond to the appellee, with sufficient sureties to be approved by the chancellor, and in such sum as the chancellor shall direct, conditioned to pay, satisfy or perform the decree or final order of the Supreme Court, and to pay all costs, in case the decree or order of

the court of chancery shall be affirmed; and upon the entering of such appeal and the filing of said bond, as above directed, all further proceedings in the cause shall be stayed in the court of chancery, until otherwise ordered by the Supreme Court."

The first decision under the act of 1838 was handed down in 1857, being *Kephart* v. *Farmers' & Mechanics' Bank*, 4 Mich. 602. The case was the foreclosure of a mortgage. The decree of the court of chancery ordered the sale of the mortgaged premises, if payment should not be made by a given date, in which case the equity of redemption would be foreclosed. It is also decreed that the mortgagor Ward, who was personally liable, should pay such deficiency of the mortgage debt as might appear after a sale of the mortgaged premises, precisely the same as the decree in the instant case. The appeal bond was conditioned—

"To pay, satisfy, or perform the decree or final order of the Supreme Court, and pay all costs, in case the decree or order of the court of chancery shall be affirmed."

The decree of the court of chancery was affirmed by this court, the case remanded, sale followed, and deficiency found. A suit was brought on the bond for the deficiency and recovery had in the circuit court for the full amount. This judgment was reversed in this court; it being held that the contention of counsel for the plaintiff that the appeal of the defendants operated to delay the complainant in the enforcement of his decree, urging as a reason that it was the intention of the legislature to require security for the performance of the entire decree appealed from, was untenable, for the reason that this court had ample power to award damages against the defendants for the delay occasioned by such appeal, and the same might have been fixed and determined by the decree of this court, that, this court not having made any such award of damages, no recovery for deficiency could be had.

The statute remained unchanged as to the provision in question until the adoption of Act No. 13, Pub. Acts

1877 (1 Comp. Laws, §§ 550, 551), when the statute was changed to read as follows:

"SEC. 144.  Such appeal shall be claimed by a written claim, delivered or transmitted, within forty (40) days from entry of such decree or final order, to the register of the court where such decree or order was entered, which said register shall make entry of, and the appellant shall, within said forty (40) days, file with said register, a bond to the appellee, or appellees, with sufficient sureties, approved by a circuit judge or circuit court commissioner of said county, and with such penalty as such judge or commissioner shall approve, conditioned for the performance or satisfaction of the decree or final order of the Supreme Court in the cause, and payment of all costs of the appellee or appellees in the matter of the appeal.  *  *  *

"SEC. 145.  Upon the entering of such appeal and the fixing of such bond, as directed in the preceding section, all proceedings in the cause in the circuit court, in chancery, shall be stayed, except taxation of costs and proceedings in relation to an additional bond, provided for in said section, until otherwise ordered by the Supreme Court.  *  *  *  *  "

This statute remained unchanged as to the condition of the bond until the act of 1907, here under consideration. A number of decisions were handed down construing the act of 1877.  The first case was decided in 1883, being *Kennedy* v. *Nims,* 52 Mich. 153 (17 N. W. 735).  In that case suit was brought on an appeal bond, given on appeal of a mortgage foreclosure case, the decree of the lower court being affirmed by this court, the cause remanded, sale had, and deficiency found.  The single question presented was, Were the sureties liable for anything beyond the amount of the costs taxed in this court, the costs in the circuit court having been paid, and no damages having been assessed by way of penalty on the appeal?  In other words, Were the sureties on the appeal bond liable for a deficiency, to be ascertained after sale, this court not having assessed any damages for the appeal by way of penalty?  This court held that the sureties were not liable upon the bond for any portion of the de-

ficiency left on sale of appellant's property to satisfy the
decree; that the costs in the circuit court having been
paid from the moneys realized on the sale of the property
under the decree, and when the suit was brought on the
bond, the surety having tendered the costs of this court
and the expenses of the suit to that time, his liability was
discharged. It will be borne in mind that in the case at
bar this court did not assess any damages by way of pen-
alty for the appeal. It did fix the liability of the surety,
and in express terms limited it to the costs of the appeal,
and the decree was promptly satisfied by payment thereof.

The next case was that of *Michie* v. *Ellair*, 60 Mich.
73 (26 N. W. 837), decided in 1886, in which *Kennedy*
v. *Nims*, *supra*, was followed, and it was held that the
intention of the legislature in amending the statutory con-
dition of the bond given on a chancery appeal (Act 1877)
was to limit the liability of the obligors to the payment of
costs upon the appeal proceedings, and the undertaking of
the sureties in such bond cannot be enlarged by the courts;
that the condition in such bond, "for the performance of
the decree of the Supreme Court," cannot be construed as
raising a liability for the payment of the costs below, any
more than the payment of a money decree; and that said
bond is not intended as additional security for the original
indebtedness, but as an indemnity to the appellee against
further trouble, expense, and costs while the case is un-
dergoing a review in this court. And *Kountze* v. *Omaha
Hotel Co.*, 107 U. S. 378–391 (2 Sup. Ct. 911), is cited.
In *Warner* v. *Cameron*, 64 Mich. 185 (31 N. W. 42),
decided in 1887, this court again held in affirmance of the
doctrine in *Kephart* v. *Farmers' & Mechanics' Bank*,
*supra*, *Kennedy* v. *Nims*, *supra*, and *Michie* v. *Ellair*,
*supra*, that recovery upon a chancery appeal bond
was limited to costs upon the appeal proceeding, in the
absence of an order awarding damages in this court. In
*Richardson* v. *Richardson*, 82 Mich. 305 (46 N. W. 670),
decided in 1890, this court drew a distinction between a
bond on appeal from a personal decree, requiring a party

to do some act, or pay some amount of money, not otherwise secured, and a foreclosure decree, and cited with approval *Michie* v. *Ellair, supra, Kennedy* v. *Nims, supra,* and kindred cases. At page 307 of 82 Mich. (46 N. W. 671), the court said, referring to those cases:

"All of these decisions arose in cases where mortgages were foreclosed, except one, which related to costs. This court gave a construction to the statute in the case of *Kephart* v. *Bank* (4 Mich. 602), and it was there held that the statutory condition did not require parties who were not personally obligated to pay a mortgage debt to pay a deficiency arising from the sale of the premises mortgaged. The principle applicable to such cases is that, where the parties have agreed upon the security for the debt, the statute was not intended to afford an additional security to that which the parties had agreed upon, but as an indemnity against damages for the delay."

It will be noted that the decree appealed from in *Richardson* v. *Richardson, supra,* was a personal decree for diverting moneys from a trust fund, hence the distinction.

The last case in this court bearing upon the subject is *Reid* v. *Wayne Circuit Judge,* 132 Mich. 406 (93 N. W. 914), decided in 1903. In that case Edmund Hall filed a bill in chancery against James Reid and others for an accounting, and obtained a decree for a large sum of money. The indebtedness, however, was secured by certain property. The decree ordered that this property should be sold, the proceeds applied to reduce said indebtedness, and declared that said Hall was entitled to a personal decree against the defendants for the balance. The court below, proceeding upon the ground that the appeal bond secured the payment of said balance, made the order fixing the penalty of the bond at $30,000, and refused to approve a bond proffered for the penal sum of $1,000. In granting a writ of mandamus to compel respondent to set aside the order, this court said:

"*Kennedy* v. *Nims,* 52 Mich. 153 (17 N. W. 735), decides that the appeal bond does not secure the payment of

such balance. While the reasoning upon which this decision was based was disapproved by this court in the case of *Richardson* v. *Richardson*, 82 Mich. 305 (46 N. W. 670), its effect as an authority, on the facts involved, has never been shaken. Indeed, in *Richardson* v. *Richardson*, this court recognizes that the appeal bond does not secure the payment of a decree which is ' otherwise secured.' Respondent's counsel contends that *Kennedy* v. *Nims* was incorrectly decided, and should be overruled. We must decline. Even if that case was not properly decided, the rule of *stare decisis* should apply. To overrule it would impose upon those who became sureties, relying upon said decision, obligations never voluntarily incurred, and from which they had a right to suppose themselves exempted."

We direct special attention to the case of *Kountze* v. *Omaha Hotel Co.*, already cited, which goes even further than this court has gone, and would render it at least doubtful whether such a bond would cover damages assessed in the appellate court.

It seems very clear from the foregoing decisions of this court, that, under the statutes of this State previous to the act of 1907, it is conclusively settled that a surety on an appeal bond in a chancery foreclosure case was in no way liable for rent of the property to the extent of the deficiency resulting after the sale under such a decree as was made in the case at bar. A comparison of the previous statute with the statute of 1907 will show that the required condition of the bond on appeal as to the liability of the surety in the previous statute was even stronger and broader than that provided in the act of 1907. The condition of the original statute construed in the cases cited was :

" For the performance or satisfaction of the decree or final order of the Supreme Court, in the cause."

That of 1907 is:

" For the performance of all relief which the appellant may be required to perform by the final decree entered in said cause, upon the appeal."

We should not forget that chancery cases on appeal are heard *de novo* in this court, which makes its own decree. It fixed the liability of the surety in this cause by its decree herein set forth, to be the payment of the costs to be taxed. We cannot agree with counsel for appellant that because the statute of 1907 did not require the giving of a bond in order to perfect an appeal, the bond when given to stay proceedings should require a different construction than that given to a bond under the former statute. We see no essential difference between them. In both instances the bonds were given to stay proceedings.

Neither can we assent to the proposition that the decree of either the circuit court or of this court was a personal money decree in the sense in which that term is generally used. In principle we see no difference between the foreclosure of a contract and of a mortgage. It is also worthy of note that in the chancery cause no proceedings were taken subsequent to the sale and report of deficiency to adjudicate the liability of the Electric City Amusement Company for such deficiency. Where a foreclosure decree provides for the sale of land, there is no ·personal liability to be enforced against a defendant, until after it is sold and a deficiency reported, and subsequent proceedings are taken to secure a deficiency decree. Under the original equity jurisdiction there was no power to enter a personal decree even against the mortgagor himself. This is a statutory innovation. *Johnson* v. *Shepard*, 35 Mich. 115; *Howe* v. *Lemon*, 37 Mich 164; *Gies* v. *Green*, 42 Mich. 107 ( 3 N. W. 283); *Mickle* v. *Maxfield*, 42 Mich. 304 ( 3 N. W. 961 ); *Vaughan* v. *Black*, 63 Mich. 215–219 (29 N. W. 523); *Shelden* v. *Erskine*, 78 Mich. 627–634 ( 44 N. W. 146 ).

We repeat that the condition of the bond here sued upon was for the performance of all relief which the appellant might be required to perform by the final decree entered in said cause upon the appeal. The appellant was not, upon the appeal or upon any subsequent proceeding, required

by decree, or otherwise, to pay this deficiency. The court having sole jurisdiction has not so adjudicated.

So, in any view of the case which we are able to take, we are of opinion that the circuit judge reached a correct conclusion; and the judgment below is affirmed.

OSTRANDER, C. J., and BIRD, HOOKER, and BLAIR, JJ., concurred.