STELLA McGRAW, BY HER NEXT FRIEND, AND JOSEPHINE CORBETT, v. ANN DALY AND MARGARET McGRAW.

*Executors and administrators—Purchase of lands of the estate— Void sale.*

1. A sale by an administratrix upon an agreement that the purchaser should hold the land in trust, to be conveyed to whomsoever the administratrix should direct, is void under How. Stat. § 6042, which forbids the purchase by an administrator, directly or indirectly, of the real estate belonging to the estate, and avoids all sales made contrary to such section.

2. In this case such illegal agreement is held not made out by the testimony, and the decree dismissing complainants' bill is affirmed.

Appeal from Wayne. (Reilly, J.) Argued June 29, 1890. Decided October 10, 1890.

Bill to enforce an alleged resulting trust under an administrator's deed, or to set aside the sale and deed. Complainants appeal from a decree dismissing bill. Affirmed. The facts are stated in the opinion.

*James H. Pound,* for complainants.

*Keena & Lightner,* for defendant Daly.

LONG, J. The bill is filed in this cause to set aside a sale of two parcels of land in the city of Detroit, purchased by Ann Daly at administrator's sale, on the theory that a bargain was entered into between Mrs. Daly, as purchaser, and the administratrix, at a price much lower than it otherwise would have brought.

The claim made by the bill is that the complainants are the children of Mark McGraw, and that in his lifetime he owned a large amount of real estate, which at

his death, some five years previous to the filing of the bill, was somewhat incumbered; that Margaret McGraw, the widow of Mark McGraw, was duly appointed as administratrix by the probate court of Wayne county, and duly qualified; that it became necessary to sell real estate for the payment of debts, and license was granted by the probate court for that purpose, and, included in the property which she was so authorized to sell, were the two pieces in controversy here, which are claimed by the bill to be worth the sum of $1,600; that, upon the date fixed for the sale of the property, Margaret McGraw, desiring that the sale might be thought absolute without any interference on her part, and desiring that the property might not be sacrificed, asked Mrs Daly that, in case the bids for the property in question did not reach a certain figure, she would raise the bid, and have the property struck off to her, and Mrs. Margaret McGraw was then to take said property off her hands; that it was expressly agreed that Mrs. Daly was so to bid in the property in her own name, and hold it in trust for Margaret McGraw, and to convey it to whomsoever Mrs. McGraw should direct; that, in compliance with such agreement, on March 16, 1880, Ann Daly was allowed to and did bid in lot No. 434 of Johnston's subdivision of the " George B. Porter Farm," so called, being part of private claims Nos. 20 and 21, for the sum of $200, and lot 348 of said subdivision, a part of private claim 44, Lafontaine farm, for the sum of $242, though said premises were worth then, and are now of the value of, $1,500; that such sale was afterwards confirmed by the probate court, and, though the said Margaret McGraw has requested a conveyance of said premises upon the payment of said sums of money, yet the said Ann Daly refuses so to convey the same; and that the said Ann Daly now holds the said premises as trustee. The bill prays for a conveyance of the prem-

ises to the complainants, and for an accounting for the rents and profits, and such other and further relief as shall be agreeable to equity.

The defendant Margaret McGraw answered, admitting all the material allegations of the bill.

Ann Daly by her answer denies absolutely any such bargain or arrangement, and alleges that she bid in such property at public auction, and that she was the highest bidder therefor, and purchased the same for her own use and benefit; that the sale was fully and fairly reported by the administratrix to the probate court, and there duly confirmed; and that Margaret McGraw and the complainants are now conspiring together to cheat and defraud her out of the property, because the value thereof has increased since such purchase.

Issue was joined in the cause by filing general replication, and heard in the court below; the testimony being taken in open court. On the hearing, complainants' bill was dismissed. The prayer of the bill proceeds on the theory of a resulting trust. No such resulting trust can be sustained, under How. Stat. §§ 5569, 5570.

It is provided by How. Stat. § 6042, that—

"The executor or administrator making the sale, and the guardian of any minor heir of the deceased, shall not, directly or indirectly, purchase, or be interested in the purchase of, any part of the real estate so sold, and all sales made contrary to the provisions of this section shall be void," etc.

If, therefore, the sale was really made in the interest of Mrs. McGraw, and with the arrangement and understanding as claimed, it should be set aside. The determination of the question rests, therefore, upon the truth or falsity of this alleged agreement. Mrs. McGraw testified that such an arrangement was entered into. It is as positively denied by Mrs. Daly and her son Thomas, with

whom Mrs. McGraw claims to have had part of the under-standing. Some other witnesses were introduced as to what Mrs. Daly said about purchasing for Mrs. McGraw. The whole controversy is, therefore, one of fact, to be determined by the testimony of witnesses, and the circumstances surrounding the case. It would profit no one to set this testimony forth at length, or the circumstances which have weight with us in reaching our conclusions. From a careful reading of the record, we are satisfied that the complainants have not established their case, and that the conclusion reached by the circuit judge was correct; and the decree must be affirmed, with costs.

The other Justices concurred.