## LITCHFIELD *v.* TUNNICLIFF.

1. EXECUTOR'S SALE—INDIRECT PURCHASE BY EXECUTOR—RECORD-
ING LAWS—NOTICE.

   Evidence of record that an executrix sold property of the
   estate under license of the probate court, and, on the day
   after the sale was confirmed and the deed executed, took a
   quitclaim deed to herself from the purchaser, is notice, *it
   seems,* that she was indirectly interested in the sale, contrary
   to the statute ( 2 How. Stat. § 6042).

2. SAME—LIMITATION OF ACTIONS—LIFE ESTATES.

   An executrix who unlawfully bids in, at a sale of decedent's
   property, lands devised to her for life, and who afterwards
   executes to a third person a deed purporting to convey the
   fee, cannot rely on the statute of limitations to make the
   title good as against the heirs, since the heirs could not main-
   tain ejectment in her lifetime.

3. SAME—MORTGAGES—CONSIDERATION.

   A mortgage executed by one who is interested as legatee in
   having an estate settled, to secure the performance by the
   executrix of her agreement either to perfect in her grantee,
   within a given time, the title to lands which had belonged to
   the estate, subject to a life interest in the executrix, and
   had been sold under license of the probate court, and pur-
   chased indirectly by herself, or, failing in this, to take back
   such title as the grantee has, paying therefor an agreed
   amount, is supported by a sufficient consideration.

Appeal from Jackson; Peck, J.    Submitted October 4,
1898.    Decided October 18, 1898.

Bill by Emeline A. Litchfield against Caroline E.
Tunnicliff and Rob Breck Tunnicliff to foreclose a mort-
gage.    From a decree for complainant, defendants appeal.
Affirmed.

*Russell C. Ostrander,* for complainant.

*Charles A. Blair* and *Thomas E. Barkworth,* for de-
fendants.

MOORE, J.   The husband of Caroline E. Tunnicliff, one of the defendants, died in 1881, leaving a will, which appointed Mrs. Tunnicliff his executrix.   The other defendant is an adopted son of Mr. and Mrs. Tunnicliff.   By the provisions of the will, the widow was given a life estate in all of the real and personal property.   The adopted son was given a legacy of $10,000.   Included in the real estate was a home occupied by Mr. and Mrs. Tunnicliff.   In 1881 a claim of $2,800 was allowed in favor of Mrs. Tunnicliff against her husband's estate.   A license was granted the executrix to sell the homestead to pay the debts, and it was sold by her, in December, 1881, upon the bid of Andrew J. Gould, for $2,500.   The sale was confirmed by the judge of probate, and a deed was executed to Mr. Gould, who upon the next day executed and delivered to Mrs. Tunnicliff a quitclaim deed of the premises. Mr. Gould purchased the property for Mrs. Tunnicliff. Payment for it was made by Mrs. Tunnicliff crediting the estate $2,500 received for the property, and charging it with a like amount paid upon her claim against the estate. She remained in possession of the property until October, 1883, when she conveyed the property, by a deed with the usual covenants of warranty, to the complainant and her husband, who went into possession.   Later, Mr. Litchfield deeded his interest in the premises to his wife, the complainant.

In 1893 a dispute arose over the line between the property and the adjacent property, when the title conveyed to Mr. and Mrs. Litchfield was questioned, upon the ground that it was unlawful for the executrix to purchase the real estate, directly or indirectly, sold by her at executrix's sale.   Both parties to the deed conceded there was some question about the title, and efforts were made for the purpose of perfecting it.   Mrs. Litchfield claimed she was entitled to a title about which there could be no question, and this claim was conceded by Mrs. Tunnicliff and her adopted son.   It was finally agreed between the parties that Mrs. Tunnicliff should perfect the title within one

year, or, in default thereof, that she would repurchase the property from the complainant for $4,000. To secure the performance of this agreement, Rob Breck Tunnicliff, who was interested, as a legatee under the will, in having the estate settled, made a mortgage to the complainant. This mortgage was drawn by an able lawyer, and the parties all understood the purpose for which it was made. There ·were a number of nonresident heirs to the property, and an effort was made to obtain deeds from them. The effort was not successful. At the end of the year, Mrs. Tunnicliff refused to repurchase the property. The complainant instituted this proceeding to foreclose the mortgage. A decree was entered in her favor. From this decree, defendants appeal, claiming—

*First.* That the mortgage was given without consideration.

*Second.* That the sale made by the executrix was not void.

*Third.* That the statute of limitations has made the transaction good.

As to the last claim it may be said ejectment could not be brought by the heirs of Mr. Tunnicliff against Mrs. Tunnicliff or her grantee during her lifetime, for the reason that by the terms of the will she was given a life estate in the property.

2 How. Stat. § 6042, reads as follows:

"The executor or administrator making the sale, and the guardian of any minor heir of the deceased, shall not, directly or indirectly, purchase or be interested in the purchase of any part of the real estate so sold, and all sales made contrary to the provisions of this section shall be void."

This statute has been before this court several times, and the cases are cited in the note to this section. The authorities are not altogether uniform in deciding whether such sales are void or only voidable. See Freem. Void Jud. Sales, § 33; *McGraw* v. *Daly*, 82 Mich. 500; *Otis* v.

*Kennedy*, 107 Mich. 312. We do not deem it necessary to decide whether the title obtained by Mrs. Litchfield was void or simply voidable. The record in the office of the register of deeds showed, long before Mrs. Tunnicliff conveyed the property, that she got her title by means of a quitclaim deed from Gould, dated but a day later than his deed and the order confirming the sale to him. It might well be argued that this was notice to all subsequent purchasers that there was a question about the validity of the sale.

When the complainant obtained her title, she was assured by Mrs. Tunnicliff it was good. She paid for a good title. At the time the mortgage was drawn, it was conceded there was a question about the title; and it was agreed that, if Mrs. Litchfield would give Mrs. Tunnicliff a year in which to perfect the title, she would do so, or take back such title as Mrs. Litchfield had, paying her $4,000 for it. This was consented to by Mrs. Litchfield, and the mortgage was drawn. The consideration was sufficient. The default in the mortgage had occurred. The decree was properly entered, and it is affirmed, with costs to complainant.

The other Justices concurred.