## MAREAN v. STANLEY.

1. APPELLATE PRACTICE—CONSTITUTIONAL QUESTIONS, HOW RAISED AND RESERVED.

Courts will not, on the mere assertion of counsel that a statute is invalid because of noncompliance with some constitutional requirement in its passage, examine the journals of the respective houses to ascertain the fact. The party seeking to question its validity upon this ground must in some way present the facts upon which he relies to the trial court; and if he desires to have the decision of that court reviewed, he must, by bill of exceptions, make such proof a part of the record. .

2. SAME—QUESTIONS FOR REVIEW.

Generally, questions to be reviewable in this court or in the court of appeals must have been passed upon in the court below, and exceptions to its rulings duly preserved.

*Appeal from the Court of Appeals.*

MOTION to dismiss appeal.

Mr. WILLIAM KNAPP, for the motion.

Mr. F. A. WILLIAMS, opposing.

MR. JUSTICE GODDARD delivered the opinion of the court.

This action was brought in the district court of Arapahoe county to foreclose two mechanics' liens, aggregating about $900. From a judgment rendered by that court in favor of the lien holder, plaintiff below, the case was taken on error to the court of appeals. From the judgment of that court, affirming the judgment of the district court, this appeal is prosecuted. The right to a review of the judgment of the court of appeals by this court is predicated upon the ground that the act amending the mechanic's lien law, approved April 18, 1889, and upon which the judgment of the district court was based, was never constitutionally enacted.

This objection to the act was not raised in the district court, nor was there any assignment of error upon the record in the court of appeals that in any manner presented the question of its unconstitutionality to the consideration of that court; and, except by way of argument in brief of counsel for appellant, the question is attempted to be raised for the first time by assignment of error upon the record here.

While courts take judicial notice whether a statute is or is not valid, when the same is in dispute, yet they will not, on the mere assertion of counsel that a statute is invalid because of noncompliance with some constitutional requirement in its passage, examine the journals of the respective houses to ascertain how that fact may be; and, although it is not necessary to plead the unconstitutionality of a statute, the party seeking to question its validity must in some way present the facts upon which he relies to the trial court; and if he desires to have the decision of that court reviewed, he must by bill of exceptions make such proof a part of the record, and cannot, in the first instance and without its being properly in the record, have the question considered in the appellate court. *Ill. Central Railroad Co. v. Wren*, 43 Ill. 77; *Grob v. Cushman*, 45 Ill. 119; *Rice v. Carmichael*, 4 Colo. App. 84.

In the case of the *Ill. Central R. R. Co. v. Wren*, Mr. Justice Lawrence, speaking for the court upon this question, said:

" The laws certified by the secretary of state, and published by the authority of the state, must be received as having passed the legislature in the manner required by the constitution, unless the contrary clearly appears. If counsel seek to raise the question as to whether the yeas and nays were duly called, it is not sufficient to refer the court to the journal, with the expectation that we are to take judicial notice of all the facts that it discloses. Although we take judicial notice of all acts of the legislature signed by the governor, and found in the office of the secretary of state, and although for some purposes we may take judicial notice of the legisla-

tive journals, yet it is not our province, at the suggestion or request of counsel, to undertake to explore these journals for the purpose of ascertaining the manner in which a law duly certified went through the legislature and into the hands of the governor. If counsel say the journal shows a law to have been passed without calling the yeas and nays, let them make the requisite proof of that fact by means of the legislative journals, and introduce that proof into the record. * * *

"A duly authenticated copy of so much of the original journal as shows the facts relied upon by counsel for impeaching a law *prima facie* valid must be brought before us through the record. In *Spangler v. Jacobi*, 14 Ill. 299, the journals were made a part of the bill of exceptions, and in every case that has hitherto come before this court, in which questions of this character have been raised, the facts have been presented by the record."

And in *Grob v. Cushman*, 45 Ill. 119, this language is used:

"It is first insisted that the La Salle county court did not have jurisdiction of the subject-matter of this cause; that the act of the legislature under which jurisdiction was claimed never became a law in the mode prescribed by the constitution. And counsel in their argument refer to the journals of the house in support of the position. On the trial below no evidence from the journals was introduced. But it is now urged that, as they are public records, this court will take judicial notice of them, and not require them to be embodied in the evidence. It is true that they are public records, but it does not follow that they will be regarded as within the knowledge of the courts like public laws. Like other records and public documents, they should be brought before the courts as evidence. But when offered they prove their own authenticity. Until so produced they cannot be regarded by the courts."

In the cases heretofore in this court, wherein the constitutional enactment of certain statutes was questioned and con-

sidered, so much of the journals as showed the steps taken in the passage of the act were produced before the trial court, and preserved by a bill of exceptions. *Robertson v. People*, 20 Colo. 279; *Nesbit v. People*, 19 Colo. 441; *In re Roberts*, 5 Colo. 525.

Under the well settled practice, all other questions reviewable in this court or the court of appeals must be passed upon in the court below, and exceptions to the ruling of that court must be duly preserved, and only errors so preserved and assigned upon the record will be considered.

No reason is perceived why a different practice should prevail in regard to questions touching the method of the passage of a statute upon which the right of recovery is based.

We are clearly of the opinion that the record in this case does not present any question, constitutional or otherwise, upon which the jurisdiction of this court can be invoked, and the appeal is accordingly dismissed.

*Appeal dismissed.*