[**No. 3893.**]

## STANDLEY ET AL. v. THE HENDRIE & BOLTHOFF MANU-FACTURING CO. ET AL.

1. JUDGMENTS — JURISDICTION— RECEIVER'S CERTIFICATES — INTER-VENORS.

In a proceeding for the appointment of a receiver for a corporation, parties claiming an interest in the property as mortgage creditors who had foreclosed their mortgages and held certificates of purchase, and under execution sales, intervened and opposed the appointment of the receiver, upon application of the receiver resisted by the intervenors, it was ordered by the court that the receiver be authorized to issue receiver's certificates, and they were adjudged to be a prior lien to the mortgage and execution sales claimed by intervenors. *Held*, that the judgment authorizing the certificates and mak-

ing them a prior lien, while not a judgment against the intervenors, personally, yet the liability imposed upon their interests was measured in money, and was therefore a money judgment and being for more than $2,500, the supreme court has jurisdiction of an appeal from such judgment.

2. FINAL JUDGMENTS—APPEALS.

A final judgment from which an appeal will lie, is not necessarily the last judgment in the cause, but is one that is conclusive and fixes the rights of the parties upon any question in the cause. A judgment of the court authorizing a receiver to issue receiver's certificates and making them a prior lien on the property in his hands was such final judgment against intervening lien claimants as would support an appeal, although the main cause was still pending in the lower court.

3. PRACTICE—PARTIES—APPEALS.

Parties upon whose application a receiver was appointed were proper and necessary parties to an appeal by intervening lien claimants from an order of court authorizing the receiver to issue receiver's certificates and making them a prior lien on the property in his hands.

4. PRACTICE—APPEAL BOND.

An order of court authorizing a receiver to issue receiver's certificates and making them a prior lien, appealed from by intervening lien claimants, was not a money judgment against appellants on which they were liable, and they were not required to give an appeal bond conditioned for the payment of the judgment, but only for such costs and damages as appellees might sustain.

5. PRACTICE—APPEAL BONDS.

Where an appeal is prosecuted in good faith and the bond is sufficient in amount and sureties, the appeal will not be dismissed because it may include an additional obligee who was improperly made an appellee, but appellees may move for a reformation or for a new bond.

*Appeal from the District Court of Arapahoe County.*

*On motion to dismiss appeal.*

Mr. J. McD. LIVESEY, Mr. ALVIN MARSH, Messrs. THOMAS, BRYANT & LEE and Mr. CHASE WITHROW, for appellants.

Mr. DANIEL E. PARKS and Mr. E. C. MILES, for appellees.

PER CURIAM. In August, 1897, the appellees who now move to dismiss this appeal, filed their complaint against the Crown Point & Virginia Gold Mining Company, the object

of this action being to obtain the appointment of a receiver for, and to wind up the affairs of this company. A receiver was appointed. Appellants, with the exception of Mayhew, intervened for the purpose of protecting their rights in the property in which the company was interested, alleging that they were mortgage creditors of the company, who had foreclosed their mortgages and sold the property under decrees of foreclosure, and held certificates therefor. Mayhew also filed his petition of intervention for the same purpose, alleging that his rights in the property in which it is claimed the company had an interest were superior to that interest by virtue of rights acquired under execution sales. It is averred that the rights of all these intervening creditors of the company attached prior to the commencement of this action. In operating the property under the receivership, indebtedness was incurred, and the present receiver filed his petition for authority to issue certificates of indebtedness, with which to satisfy these claims, and praying that such certificates be made a charge and lien upon the property of the company. The appellees who filed the motion to dismiss this appeal appeared on the hearing of this application, and urged that it be granted. Appellants resisted. The judgment of the court on this application authorized the receiver to issue certificates to the amount of $5,067.60, and an additional $1,000 to be used in the future preservation and protection of the property, and directed that such certificates should constitute a lien on the property, superior to the mortgage claims, sheriff's deeds, or judgment liens, under which appellants either claim to own the property or to be entitled to a lien thereon. It is from this judgment or decree that appellants have brought this case here for review on appeal, which the appellees above mentioned now move to dismiss, for the following reasons:

*First.* The judgment appealed from is not for money exceeding the sum of $2,500, exclusive of costs.

*Second.* It is not a final one.

*Third.* No appeal lies as against them, for the reason that they were not parties to the proceeding from which the appeal

is prosecuted, because such proceedings were had at the instance of the receiver.

*Fourth.* The appeal bonds are insufficient, because the appeal is taken upon the theory that the judgment from which the appeal is prosecuted is a money judgment, and the bonds in question are not sufficient in amount, and that the obligees named are not the proper ones, because the bonds should run alone to the receiver, and not to the appellees and receiver jointly.

1. The judgment rendered, of which appellants complain, is not personal as against them, but by reason of the lien which is awarded as security for the certificates which may be issued in conformity with the provisions of this judgment, which lien is adjudged superior to the rights of appellants in property in which they claim to be interested, the liability imposed upon their interest is measured in money, and the judgment rendered is, therefore, a money judgment in the sense of the statute regulating appeals to this court, as determined by the amount of the judgment appealed from—*St. Joe & Mineral Farm Cons. M. Co. v. First National Bank of Aspen,* 24 Colo. 537—and being for more than $2,500, exclusive of costs, the motion cannot be sustained upon the ground that the amount of the judgment does not give this court jurisdiction.

2. A judgment which fixes the rights of the parties in the action in which it is rendered, and leaves nothing further to be done before such rights are determined, is final. *Lipe v. Fox et al.,* 21 Colo. 140; *Dusing v. Nelson,* 7 Colo. 184; *Daniels v. Daniels,* 9 Colo. 133. In the latter case, the court quotes with approval from *Sharon v. Sharon,* 7 Pac. Rep. 456, as follows: " A final judgment is not necessarily the last one in an action. A judgment that is conclusive of any question in a case is final as to that question. The code provides for an appeal from *a* final judgment, and not from *the* final judgment in an action." So that the real test to apply is, that if the judgment pronounced is in the nature of a final one, and is such upon the question adjudicated, then it becomes such;

or, otherwise stated, where the judgment pronounced is final of the rights of the parties on the questions therein involved, and settled, and separable from any other that may be rendered in the action, it is as to such questions a final judgment. *Trustees v. Greenough*, 105 U. S. 527; *Guarantee T. & S. D. Co. v. Phila. R. & N. E. R. Co.*, 38 Atl. Rep. 792; *Farmers Loan & Trust Co., Petitioner*, 129 U. S. 206.

The questions presented to the trial court and determined in this proceeding, were the amount of indebtedness incurred under the administration of the present receiver and his predecessors; what further amount was necessary for his use in the discharge of his trust; and how the amount thus determined should be evidenced and secured, the decree on this last subject being as above stated, that the certificates which the receiver was authorized to issue should be a first lien upon the property of the company. On this motion we have not looked into the merits of the controversy, nor what the rights of the respective parties may be; but, as we understand it, appellants complain that the lien of the receiver's certificates are adjudged superior to theirs in certain properties. If these certificates are issued in pursuance of the order complained of, and taken by parties while the order fixing the lien which shall attach for their security stands unrepealed, we do not see how it would be possible for the court, in a subsequent stage of the proceedings in this case in regard to the same subject-matter, to say that the holders of such certificates must establish their right to priority of payment independent of the order under which they were issued, but, on the contrary, that under such decree such holders would be entitled to the lien provided for their security. According to the contention of appellants, this order has changed their relation to the property of the company, and displaces their rights to their injury; and on the questions as to the amount for which these certificates may be issued, and the lien which may attach as against what appellants claim to be their rights, the judgment is final.

3. This action was originally instituted by the appellees

who now move to dismiss this appeal.    It was at their
instance that a receiver was appointed, under whose adminis-
tration or that of his predecessors the expenses which are
now made a lien upon the property superior to that of appel-
lants were incurred.    The judgment rendered of which appel-
lants complain, was at the instance of the receiver, or upon
his application.    Whether that would make him a party to
the proceeding, in the sense that he would become an appellee
in this, before this court, or that in such proceeding he can
only be regarded as an officer of the court, and not the agent
or representative of either party to the action, nor as exercis-
ing functions on his own behalf, but as such officer for the
common benefit of all parties in interest, it is not necessary to
determine because he is not raising that question.    Any party
in interest would have the right to object to steps being taken
by the receiver, and have such objections passed upon and
determined by the court, in which the action was pending.
Such person would also have the right to be heard upon any
application which the receiver may make to the court; and
orders in relation to his acts being for the benefit of all, it
necessarily follows that if one is made in which interested
parties do not acquiesce, but feel aggrieved, which is of that
character that it can be reviewed on appeal, it is necessary
that those who do acquiesce should have an opportunity to
be heard on such appeal, and appellees are, therefore, not only
proper but necessary parties to this action in this court.

4.    The judgment or order from which this appeal is prose-
cuted is not a money judgment against appellants, or one
upon which they are personally liable, and they are not,
therefore, required to give a bond as a condition precedent to
the prosecution of this appeal, conditioned for the payment
of the judgment of which they complain, but only for such
costs and damages as may be sustained by the appellees in
the event the judgment appealed from is affirmed.    This
judgment is made a specific lien upon property, and it is not
suggested that its stay by reason of the appeal will in any
manner jeopardize its enforcement, and no reason is advanced

why the bonds executed are not sufficient in amount to secure appellees in this case.

The point is also made by appellees that no judgment was obtained by them as recited in the respective appeal bonds, but at the instance and for the benefit of the receiver, and that the receiver alone should be named as obligee, and that if they, the appellees, should attempt to collect on these bonds, upon the theory that a judgment had been rendered in their favor, which was affirmed by this court, the plea of *nul tiel record* would prevail, because, in fact, no such judgment could be found.

From an examination of the record, it appears that the appeal bonds filed by Potter and Williams, the Hawley Merchandise Company, and Frank Mayhew, each designate appellees and the receiver as obligees, while that filed by Standley runs to the appellees making this motion. In the first two it is recited that appellees and receiver obtained judgment for the issuance of receiver's certificates against the principals in each of these bonds. In the Standley bond the recitation is that appellees obtained such judgment. Whether the receiver should or should not be regarded as an appellee, we do not determine. Appellants appear to be prosecuting this appeal in good faith. The bonds given are sufficient in amount, and no objection is raised regarding the qualifications of the sureties. From the arguments submitted we do not feel sufficiently advised to determine at this time who should be named as the obligees in the appeal bonds. The motion to dismiss is denied, with leave to appellees filing this motion to apply, on notice, for a reformation or for new bonds, as they may be advised.

*Motion denied.*