MISSISSIPPI VALLEY TRUST COMPANY, Appellant v. WILLIAM SOMERVILLE, Respondent.

St. Louis Court of Appeals, October 9, 1900.

1. **Appeal Bond**: MEASURE OF LIABILITY OF OBLIGORS: JUDGMENT. As the statute provides but one form for bonds of appeal in all cases, the nature of the judgment appealed from must be considered in determining the measure of liability of the obligors.

2. ———: ———: ———: CONDITIONS OF BOND: ASSESSMENT OF DAMAGES: CONSTRUCTION OF BOND. In the case at bar there was no assessment of damages in the appellate court, and the defendants fully performed the conditions of their bond by paying the costs of the suit and surrendering the property to be sold under the decree.

Appeal from the St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*Kehr & Tillmann* for appellant.

(1) In an appeal, the judgment is superseded and execution stayed from the time that the circuit court fixes the amount of the bond and approves the bond. State ex rel. v. Dillon, 98 Mo. 90; American Brewing Co. v. Talbott, 135 Mo. 170; State ex rel v. Hirzel, 137 Mo. 446; State ex rel. v. Klein, 137 Mo. 673. (2) The statute allows an appeal in every civil cause and prescribes but one form of bond. R. S. 1889, secs. 2246 and 2249. The bond, therefore, must be construed by the nature and character of the judgment appealed from. Hunt v. Hopkins, 83 Mo. 19; Sosman v. Conklin, 65 Mo. App. 323, and authorities there cited. (3) As the decree was against Somerville's property, it was incumbent upon him, either to pay the mortgage debt or surrender the property in satisfaction of the decree. 2 Jones on Mortgages, sec. 1712; Gochenor v. Moury, 33 Ill. 331; Glover v. Benjamin, 73 Ill. 42. (4) An appeal bond conditioned for the due prosecution of the appeal and that appellant, if the judgment appealed from is affirmed, shall comply with and perform the same, binds the obligors to pay the debts, damages and costs. Staley v. Howard, 7 Mo. App. 377; Evans v. Hardwick, 1 J. J. Marshall, 436; Forquar v. Collins, 4 Monroe (Ky.) R. 447; Moore v. Gorin, 2 Little 186; George v. Bischoff, 68 Ill. 238.

*Lubke & Muench* for respondent.

(1) The conditions of the bond here sued on are written

in the exact language of the statute. R. S. 1889, sec. 2249, p. 580. But the evidence offered by the appellant did not show the breach of any of them; therefore, the court below did not err in giving the instructions which it did, and in entering a judgment for the respondent. (2) The case at bar is analogous to actions for the enforcement of mechanics' liens where there is a personal judgment against the contractor and a special judgment against the property, and the owner alone appeals. Although the judgment establishing a lien against the property may, in such a case, be affirmed by the appellate court, this does not render the appellant liable for the personal judgment rendered against the contractor. The fact that the legislature has failed to make provision for a proper form of bond in such a case, will not authorize the courts to enlarge liability upon them by construction. "The bond should be construed with reference to the nature of the judgment which can be rendered by the circuit court; and that court, as we have seen, can not render a judgment against this appellant. Whatever embarrassment or difficulty there may be in a case of this sort, is that the legislature has made bonds for appeal from ordinary judgments of justices of the peace, where personal liability exists against appellants, apply to cases on mechanics' liens where frequently, as in this case, there can be no personal liability." Deatheridge v. Sheidley, 50 Mo. App. 490.

BIGGS, J.—This is an action of debt on an appeal bond executed by the defendant William Somerville. John R. McDonald was indebted to A. K. Florida in the sum of $3,750, for which he gave his note. To secure the debt McDonald executed a deed of trust on an improved lot situated on Chestnut street in the city of St. Louis. By mistake of the scrivener, who wrote the deed of trust, the note was described therein as $1,350, instead of $3,750. The plaintiff

herein became the owner and holder of the note. It brought
suit to reform and foreclose the deed of trust. McDonald
and the defendant Somerville and others were made defend-
ants in the action. Somerville had become the owner of the
property by mesne conveyances, subject to the incumbrance.
There was a decree reforming the deed of trust and directing
the sale of the property unless the defendants therein within
thirty days should pay the amount found to be due on the
note and the costs of the suit. At that time Somerville was
in possession of the property. From that decree Somerville
took an appeal to the supreme court and he executed the bond
here in suit in the penal sum of one thousand dollars. The
supreme court affirmed the judgment of the circuit court.
The amount realized from a subsequent sale of the property
was insufficient to pay the mortgage debt and the costs in-
curred. The deficiency amounted to $895.80. The conten-
tion of the plaintiff at the trial was that the defendant is
liable on his appeal bond for the amount of this deficit. The
defendant denied the liability and claimed that he had fully
complied with the judgment of the supreme court by paying
the costs of the foreclosure proceedings and by surrendering
the property in execution. The circuit court adopted this
view and judgment was entered for the defendant. The
plaintiff has appealed.

The recitals in the appeal bond are as follows: "That
whereas, William Somerville, Herman A. Haeussler and John
R. Stickfort have appealed from the decree rendered against
them and in favor of the said Mississippi Valley Trust Com-
pany, reforming and directing the foreclosure of a certain
deed of trust in the circuit court city of St. Louis, for the sum
of thirty-seven hundred and fifty dollars and interest, together
with costs, said decree being against the real estate by said
deed conveyed.

"Now, if said appellants shall prosecute their appeal with

due diligence to a decision in the appellate court, and shall perform such judgment as shall be given by such court; or such as the appellate court may direct the circuit court, city of St. Louis, to give, and if the judgment of said circuit court or any part thereof be affirmed, the said appellants shall comply with and perform the same, so far as it may be affirmed and pay all damages and costs which may be awarded against them by any appellate court, then this obligation to be void, otherwise to remain in full force and effect."

The main contention of the appellant is that by the terms of the bond the defendant bound himself to pay the mortgage debt in case the decree reforming and foreclosing the deed of trust was affirmed. By no sort of construction of the bond can this view prevail when the nature of the judgment appealed from is considered. Somerville had not, in the purchase of the property, rendered himself liable for the payment of the mortgage debt, and the decree of the circuit court did not attempt to make him liable therefor. The extent of the decree against him was that he held the property subject to the payment of the full amount of the note intended to be secured; that a certain sum was due on the note and that the property in his hands was subject to sale to satisfy the balance, and that unless he or some one else within a specified time should pay the amount found to be due, together with the costs of the suit, the property would be sold, and his equity of redemption foreclosed. As the statute provides but one form for bonds for appeal in all cases the nature of the judgment appealed from must be considered in determining the measure of the liability of the obligors. Thus in Hunt v. Hopkins, 83 Mo. 13, which was a suit to enforce a special tax bill, the supreme court held that a judgment for the amount of the tax bill could not be entered on the appeal bond, for the reason that there was no personal liability against the owner of the land, who was the obligor in

the bond. The same reasoning was adopted by this court in McDonnell v. Nicholson, 67 Mo. App. 408. There the owner of the land had prosecuted an appeal from a judgment enforcing a mechanic's lien against his property. There was a personal judgment against the contractor. It was held that the extent of liability on the appeal bond was for costs only as the landowner could not be held for the debt. These are analogous cases, and they must control in determining the present case.

The appellant relies on Staley v. Howard, 7 Mo. App. 377, as announcing a contrary rule. That was a suit on an appeal bond which was given in an action in equity to subject the separate property of a married woman to the payment of her debt. There was a decree against her in the circuit court, which was affirmed on appeal. This court held the obligors in the bond liable for the amount of the judgment upon the idea that as the equitable obligation of the woman to pay her debts was recognized the judgment must be regarded as a judgment for money against her, although only operating indirectly against her through the property. Therefore the court decided that when the obligors in the appeal bond contracted "to perform the judgment of the circuit court so far as it may be affirmed," they agreed to pay it if it was affirmed. The distinction between that case and this is obvious. Here there was no obligation whatever on Somerville to pay the mortgage debt.

Counsel for appellant also cite George v. Bischoff, 68 Ill. 236 as authority to sustain them in their contention. In that case the appeal bond expressly recited that a judgment for so much money had been rendered against Bischoff, the principal in the appeal bond, and it was also stipulated in the bond that the judgment should be paid in the event it should be affirmed. The court held that the obligors in the bond were estopped to deny what they had solemnly admitted

to be true, viz., the existence of a personal judgment against Bischoff, and that therefore the legal effect of their engagement was to pay the judgment if it should be affirmed.

Our conclusion is, that there was no assessment of damages in the appellate court, the defendants fully per-. formed the conditions of their bond by paying the costs of the suit and surrendering the property to be sold under the decree. Therefore the judgment of the circuit court will be affirmed. All concur.