[No. 4278.]

## McMullin v. The Board of County Commissioners of Montrose County.

1. Appellate Practice—Jurisdiction of Supreme Court—Constitutional Question.

An appeal from a judgment of non-suit in an action wherein a district attorney sued a county in his district for commission on a judgment rendered in the district court in favor of the county upon the official bond of its defaulting treasurer and collected, and wherein is involved the question as to whether or not a county attorney appointed by the board of county commissioners can exclude the district attorney from the control of suits like the one upon the treasurer's bond and deprive him of his statutory compensation for such service, does not involve a constitutional question, so as to give the supreme court jurisdiction to review the same.

2. District and County Attorneys — Right to Represent County in District Court—Statutes—Repeal.

Section 1551 Mills Ann. Stat. making it the duty of the district attorney to appear for any county in his district in any suit, wherein such county is a party, pending in the district court of any county in his district was not repealed by section 813 Mills Ann. Stat. authorizing the board of county commissioners to employ an attorney, and there is no

statute which takes from the office of district attorney any of the duties belonging to it under section 1551, or which vests the same in the office of county attorney, or authorizes the board of county commissioners to do so.

*Appeal from the District Court of Montrose County.*

This is an action by S. G. McMullin, district attorney of the seventh judicial district, in which Montrose county is situate, against the board of county commissioners of that county to recover a statutory commission in collecting $10,250 from the bondsmen of its county treasurer. The trial was to the court without a jury upon an agreed statement of facts, which resulted in a dismissal of the action, from which the plaintiff appealed to the court of appeals. On motion of appellee, alleging that a constitutional question was involved, the case was transferred to this court. The constitutional and statutory provisions involved are:

Section 21 of article 6 of the constitution, which reads:

"There shall be elected by the qualified electors of each judicial district, at each regular election for judges of the supreme court, a district attorney for such district, whose term of office shall be three years, and whose duties and compensations shall be as provided by law.    *    *    *    *    ."

"Every district attorney shall appear in behalf of the state, and the several counties of his district, in all indictments, suits and proceedings, which may be pending in the district court in any county within his district wherein the state or the people thereof, or any county of his said district, may be a party.    *    *    .*    Nothing contained in this section shall be so construed as to prevent the county commission-

ers of any county from employing one or more attorneys to appear and prosecute or defend in behalf of the people of the state or such county, in any such indictment, action or proceeding." 1 Mills. Ann. Stat., § 1551; Laws of 1877, sec. 895.

"The board of county commissioners of the several counties of the state may, when the interests of the county require it, employ an attorney, but the person appointed must be a member of the bar of the supreme court of the state, and at least twenty-five years of age   *   *   *   ."   1 Mills. Ann. Stat. § 813; Laws 1887, p. 243; sec. 3.

From the agreed statement of facts it appears th it there was a shortage in the funds of the county treas urer amounting to $12,222.93; that without the knowl edge or consent of the plaintiff the board of comm s-ers directed the county attorney of Montrose county, John Gray, to begin, and he did institute, a suit in the district court of Montrose county in the name of the people of the state of Colorado for the use of the board of commissioners against the treasurer and his bondsmen for the recovery of the amount of such shortage; that the defendants there after filed a motion to quash the summons which had been served upon them, alleging, among other grounds thereof, that the action was not brought, or the suit prosecuted, by any party authorized to bring the same under the laws of this state; that during one of the days of the term of the court during which the action was pending plaintiff informed Mr. Gray, the county attorney, that he believed it to be his duty to appear in the action, and thereupon, upon motion of Mr. Gray, the court entered plaintiff's appearance as district attorney for plaintiff in the action; that plaintiff, as district attorney, was at all times ready and willing

to prosecute the same, but that neither Gray, as county attorney, nor the board· thereafter requested of him any action upon his part; nor was any other or further action had in court in the action than a dismissal thereof without pejudice by Gray as attorney for the board upon payment by defendants of the sum of $10,250 into the county treasury of the county for the use and benefit of the county in settlement of the action. Then follow statements of a presentation of his bill to the board of commissioners and its rejection.

Mr. S. G. McMULLIN and Mr. S. D. WALLING for appellant.

Mr. JOHN GRAY for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Unless a decision of a constitutional question is necessary to a determination of the controversy, or if it depends merely on a construction · of statutes or hinges upon the agreed facts, this appeal is not within the jurisdiction of the supreme court.

The contention of appellant is that the office of district attorney is created by our constitution; and, as such, its incidents, powers, duties and characteristics are defined by that instrument in the light· of the laws of the territory in force at the time of its adoption; and these being defined by the territorial act, which is the same as section 1551, it is beyond the power of the general assembly to denude the office thereof, confer the same upon some other office of its own creation, or to take from the district attor-

ney filling the office any of the emoluments attaching to the discharge of such constitutional duties. And if the legislation relied on by defendant operates to supplant the district attorney in their performance, it is in conflict with the section of the constitution quoted.

Defendant concedes that the office of district attorney is a constitutional office, but argues that since the very provision creating the office declares that the duties of the officer shall be "as provided by law," plenary power is vested in the general assembly to prescribe those duties, to take from, or add to, the same as they existed when the organic act was adopted, Defendant further maintains that even though the closing sentence of section 1551 does not confer upon county commissioners power to appoint a county attorney, section 813 does; and that when the board appointed Mr. Gray as county attorney to prosecute the suit in question, he, and not the district attorney, had exclusive power and authority to control the same, notwithstanding the fact that by the first part of section 1551 it is made the duty of the district attorney to appear in behalf of the state and the several counties of his district in all indictments, suits and proceedings which may be pending in the district court thereof wherein the state or any county of his district is a party.

It is to be borne in mind that the question is not whether the board of commissioners may appoint a county attorney, but whether its appointee may exclude the district attorney from control of suits like the one on the treasurer's bond, and thus deprive him of the statutory compensation for such services. Moreover, the act of a county attorney in bringing or prosecuting a suit for a county is not

questioned here by a defendant to a suit brought in behalf of a county by its county attorney, but the assumption on the part of a board of county commissioners, through its county attorney, of authority to exclude the district attorney from the mannagement of the suit, and taking from him a part of the emoluments of his office, is directly challenged by the officer whose prerogatives are thus ignored.

After a careful consideration of the arguments of counsel and a thorough examination of the authorities cited, we are of opinion that a decision of the constitutional question raised is not essential to a determination of the controversy.   If it be conceded that it is competent for the general assembly to take from the office of district attorney authority to appear in all actions pending in the district court in which any county of his district is a party, and to confer the same upon a county attorney of its own appointment or creation—as to which we express no opinion—it is quite apparent from the statutes, upon which such claim by the county is founded, that the general assembly has not attempted to do any such thing.   Statutes bearing upon the same subject, though one be later in time of approval than the others, should, if possible, be so construed as to make them harmonize; and a repeal by implication should not be indulged unless the repugnancy between them is so great that they cannot stand together, or the evident intention of the general assembly was that the later was intended to take the place of, and supplant, the former.   Certainly, there has been no express repeal of any portion of section 1551.   In terms it confers on the district attorney power, and imposes on him the duty, to appear in all suits, etc., pendng in the c'strict court wherein any county in his

district is a party. Section 813, which empowers the board of county commissioners to employ an attorney, does not purport to confer upon the office of county attorney, if such an office is thereby created, a concurrent power, or any power at all, or make it the duty of the county attorney, to appear in such actions. The concluding sentence of section 1551 does nothing more than reserve to the general assembly,—that which it otherwise has, unless restrained by the constittuion,—authority to confer upon county commissioners, or save to that body, when and if the same is granted by legislation, the power to employ an attorney to appear and prosecute or defend in behalf of the people of the state or county in such indictments, suits and proceedings as those in which the power and duty to appear have been delegated to the district attorney. That is to say, the board, under this particular section may, we might concede, employ other counsel, or counsel to assist the district attorney therein, but not to wrest from him power to control them.

But it is said that the general assembly in section 813 has conferred on boards of commissioners ample power to employ a county attorney who may supercede the district attorney in the control of suits like the one in question. That section is silent as to the powers and duties of an attorney employed thereunder by the board, though the district court held that there the power resided which the defendant claims. It would not be difficult, however, to name business under the control of the board to transact which it needs the services of a legal adviser other than services in prosecuting and defending indictments, suits and proceedings pending in the district court.

We are satisfied that the general assembly has not,

by any legislation to which our attention has been called, taken from the office of district attorney, any of the duties or characteristics belonging to it under section 1551, or attempted to vest the same in the office of county attorney, or authorized the board of county commissioners to do so.

The necessity of determining whether this court has jurisdiction of the appeal has also made it necessary to pass upon one of the questions concerning which error is assigned, which is that the district attorney, under the statutes as they now exist, had, as against the county attorney, the power and exclusive authority to manage and control the action in the district court on the treasurer's bond. Because under the statutes he had, at least under the board's supervision, such power, it does not necessarily follow that he is entitled to the commission claimed. That depends, among other things, upon the question whether, under the facts, he has earned it, upon which, of course, as we have not jurisdiction of the appeal, we express no opinion.

The cause will, therefore, be remanded to the court of appeals, and it is so ordered.

*Remanded to court of appeals.*