[No. 2173.]

McMullin v. The Board of County Commissioners of Montrose County.

1.  Officer's Fees—Right to Receive—Performance of Service.

The right of a public officer to demand and receive fees for services depends upon the rendition of the services.

2.  District Attorneys—Fees—Performance of Service.

A district attorney is not entitled to demand and receive commission from a county upon a sum received by the county in settlement of a suit against the county treasurer and sureties upon his official bond to recover a shortage in the treasury fund, where the suit was brought by the county attorney and the only thing the district attorney did in connection with the suit was to request that his appearance be entered for the county which was done upon motion of the county attorney, the suit having been compromised and settled for a smaller sum than that claimed shortly after the entry of the appearance of the district attorney and dismissed by the county attorney, the district attorney taking no part in such settlement although the district attorney was ready and willing to perform any necessary service connected with said suit had he been requested to do so by the county attorney or commissioners.

*Appeal from the District Court of Montrose County.*

Mr. S. D. Walling, Mr. H. M. Hogg and Mr. S. G. McMullin, for appellant.

Mr. John Gray, for appellee.

Wilson, P. J.

This case is presented upon an agreed statement of facts, from which the following appears: There being an alleged shortage in the funds of the county treasurer of Montrose county, amounting to $12,222.93, the county attorney of said county by direction of the county commissioners instituted a suit in the district court of the county in the name of the people of the state of Colorado for the use of the board of commissioners against the treasurer and his bondsmen for the recovery of the amount of such shortage. There were in all eight defendants. Subsequently, three of the defendants appeared and filed motions to quash the summons which had been served upon them, alleging among other grounds therefor that the action was not brought nor the suit prosecuted by any party authorized to bring the same under the laws of this state; that during one of the days of the term of the court during which the action was pending, the plaintiff, who was the district attorney of the district in which Montrose county was situate, informed the county attorney that he believed it to be his duty to appear in the action, and thereupon on motion of the county attorney, the court entered plaintiff's appearance as district attorney for the plaintiff in that action. That thereafter the plaintiff as district attorney was at all times ready and willing to do whatever might be necessary with relation to said suit, and that neither the said John Gray, county attorney, nor the board of county commissioners of Montrose county ever thereafter re-

quested of him any action on his part, nor was any further action taken in said court until April 20, 1898, when said action was dismissed without prejudice by John Gray, attorney for the county commissioners, on account of payment by the defendants of the sum of $10,250 into the county treasury of Montrose county for the use and benefit of the county of Montrose, in settlement of said suit. Thereafter the plaintiff presented to the county commissioners a bill for the sum of $256.25, which amount he claimed as the commission allowed him by statute (Mills' Ann. Stats., sec. 1873), for the collection of the amount paid by the sureties on the treasurer's bond. This bill was disallowed by the commissioners, and plaintiff thereupon appealed to the district court where judgment was also rendered against him. He then appealed to this court, and the cause was upon motion transferred hence to the supreme court. From that court it was remanded to this court, but in doing so, the supreme court passed upon all of the material questions involved, save one.—*McMullin v. Board of Commissioners of Montrose County,* 29 Colo. 478, 68 Pac. 779.

In concluding its opinion the court said: "The necessity of determining whether this court has jurisdiction of the appeal has also made it necessary to pass upon one of the questions concerning which error is assigned, which is, that the district attorney under the statutes as they now exist had, as against the county attorney, power and exclusive authority to manage and control the action in the district court on the treasurer's bond. Because under the statutes he had, at least under the board's supervision, such power, it does not necessarily follow that he is entitled to the commission claimed. That depends, among other things, upon whether under the facts, he has earned it, upon which, of course, as we have not

jurisdiction of the appeal, we express no opinion.''

The sole question, therefore, presented to us for determination is whether under the facts plaintiff has earned and is entitled to the commission which he claims.

It may be conceded that the salary of a public officer is an incident to the office, power to collect and receive it depending upon the title to the office, if not also the actual occupancy of it. The fees of an officer may also be said to be an incident to the office, but not in the same sense as the salary. The right to demand and receive them arises from the rendition of the services.—*Smith v. The Mayor, etc.,* 37 N. Y. 520. By virtue of his office, he is empowered to earn fees and receive compensation for services rendered, but neither reason nor common sense would sustain the proposition that he would be entitled to demand or receive fees for services not rendered, nor to be rendered. Indeed, the policy of the law in this state with reference to district attorneys would seem to be that he would not be entitled to receive his salary even, until he first made a showing that he had performed during the quarter the official duties for which the salary was allowed.—Mills Ann. Stats., sec. 1560; Rev. Stats. 1868, p. 263, sec. 7.

In *Board of County Commissioners v. Graham,* 4 Colo. 203, the court said: "On the other hand, there is evidence in the law of an intent to compensate the district attorney only for effective labor, as for instance, etc." It is true that the court used the language in connection with a discussion of the claims of a district attorney for fees for indictments, but we see no reason why because of this the language is not applicable to all duties of a district attorney acting in his official capacity.

This being a general and correct statement of the law in our opinion, the question is whether under it

and the stipulated facts, the plaintiff earned the commission and is entitled to recover. We think that upon the showing made, the answer must be in the negative. It does not appear that the plaintiff rendered any services at all. He simply acquiesced in the action of the county attorney in having his appearance entered as an attorney for the plaintiff commissioners. Indeed, it does not appear that subsequently any action at all was taken in the suit. There is no showing made either in the statement of facts or otherwise that the entry of plaintiff's appearance as attorney for the commissioners was the efficient moving cause of the subsequent payment by the defendants in the suit, or that it had any effect whatever upon it. We are not permitted by simple inference to say that it did. The reasonable and natural presumption from the facts stated is that the matter was compromised prior to any further proceedings or judgment, by the commissioners accepting some two thousand dollars less than the amount claimed. This compromise might not possibly defeat the claim of plaintiff if it appeared that he had rendered services, and that he was the moving cause of the compromise being effected and of the collection being made, but there is no such showing. The most that can be said of his claim is that he was ready and willing to render any necessary services when requested by the county attorney, or by the commissioners. This, however, is not sufficient to entitle him to recover. The statute under which he claims makes it his statutory duty to appear in behalf of the several counties of his district in suits and proceedings pending in the district court in any county within his district wherein the county may be a party. We know of no law which would require the county commissioners or the county attorney to request him to perform a statutory duty, and it certainly could not

be contended that a district attorney could do nothing in a county suit, and then after suit was ended demand his fees upon the ground that he was ready and willing to have performed the services, and discharge his statutory duty if he had been requested so to do. Under the statute, as we have said, it is his express duty to appear in the suit, and under the decision of the supreme court neither the county commissioners nor the county attorney had the power to exclude him.

For the reasons given, we think the judgment of the district court was correct, and it will be affirmed.

THOMSON, J., not sitting.        *Affirmed.*