Maxwell, J.
The complaint in this action alleged, that plaintiff sold and delivered to defendant, goods, wares and merchandise — a black silk skirt at the agreed price of $55.00 and a broadcloth dress a.t the agreed price of $100.00 — that payment for the same had not been made, although demanded.
The answer was a general denial, and an affirmative defense unnecessary to notice.
Before trial, appellee, as trustee in bankruptcy for plaintiff, was substituted for plaintiff.
Trial to the court without a jury.
Plaintiff’s evidence showed, that plaintiff’s assignor was a dressmaker; that the defendant’s wife ordered the skirt and gown made of materials selected by her; that the price of the garments was agreed upon; that the- agreed price for the gown was $100.00; that the skirt was delivered to defendant’s wife, worn by her and returned to plaintiff’s assignor for alterations which were made; that both garments were then delivered to defendant’s wife and upon the following morning returned to plaintiff’s assignor, for what purpose or reason not appearing from the evidence ; that defendant’s wife twice offered to pay for the skirt, but said she did not want the dress; that both garments remained in possession of plaintiff or plaintiff’s assignor, and at the trial were produced, identified as exhibits, and after judgment, deposited in the depository of the court.
Upon cross-examination, plaintiff’s assignor identified a letter written by her to defendant, which letter was introduced in evidence and contained the following:
“I beg to inform you that the garments ordered by Mrs. O’Connor have long been completed and after repeated and fruitless efforts to deliver them *387 and collect the bill therefor, they still remain with me, subject to your order upon payment therefor. ’ ’
At the close of plaintiff’s evidence, defendant moved a nonsuit, which being denied, defendant stood upon his motion and judgment was rendered against him for $155.00, from which this appeal.
It is contended by appellant, that the action being for goods sold and delivered, there being a failure to prove delivery, the motion for nonsuit should have been granted.
The evidence shows that there was a delivery of both garments; that the day following such delivery both garments were returned without explanation of such action or assignment of cause therefor.
The only question raised by appellant’s motion for nonsuit was as to the delivery of the garments. The court found that there was an absolute and unconditional delivery of the property to the defendant’s ■ wife. In this finding we concur.
Appellant contends that there was no evidence as to the agreed price for the silk skirt. This point was not raised by the motion for a nonsuit or otherwise in the court below.
Appellate courts are for the purpose of reviewing errors committed by the nisi prius courts upon questions duly presented. Questions to be reviewable in appellate courts must be passed upon by the court below. — Marean v. Stanley, 21 Colo. 43, 46.
Any other rule of practice would be unfair to the nisi prius courts and counsel.
This question not having been presented to the court below, we decline to entertain it.
The foregoing reason applies with equal force to and disposes of appellant’s contention that, under the evidence in this case a recovery is barred by the statute of frauds, the question being raised for the first time in this court.
*388 The ruling on the motion for nonsuit was right, and the judgment must be affirmed.

Affirmed.