[No. 5010.]

[No. 2559 C. A.]

## MAREAN ET AL. V. STANLEY.

1. **Mechanics' Liens—Foreclosure—Final Decree—Appeal.**

A decree foreclosing a mechanic's lien against property without a personal judgment against the owner is a final judgment affecting the property and the owner is entitled to have it reviewed either upon appeal or writ of error.

2. **Mechanics' Liens—Foreclosure—Appeal—Liability on Appeal Bond.**

Where a judgment foreclosing a mechanic's lien but which was not a personal judgment against the owner of the property was taken by writ of error to the court of appeals by the owner where the judgment was affirmed from which judgment of the court of appeals an appeal was taken by said owner to the supreme court where the appeal was dismissed, the said owner and the sureties on his appeal bond were not liable to an action on said bond for the amount of the claim for which the lien was foreclosed.

3. **Appeal Bonds—Liability of Obligors.**

The fact that an appeal bond by the owner of property against which a mechanic's lien was foreclosed was conditioned that the principal should pay and satisfy the judgment did not estop the obligors of the bond to deny their liability for the amount of the claim for which the lien was foreclosed.

4. **Same—Pleading.**

In an action on an appeal bond from a judgment foreclosing a mechanic's lien which was not a personal judgment against the owner who was appellant and principal in the bond, where the appeal was dismissed a complaint which does not allege that the costs of the appeal were unpaid nor that plaintiff suffered any damages by reason of the appeal will not support a judgment on the pleadings.

*Appeal from the District Court of Arapahoe County:
Hon. F. T. Johnson, Judge.*

Mr. James C. Starkweather, for appellants.

Mr. L. E. C. Hinckley and Mr. Robert E. Foot, for appellee.

Mr. Justice Maxwell delivered the opinion of the court.

Action on an appeal bond.

The facts are: In 1890 Rigden, the owner of lots in Highland Park, Arapahoe county, was erecting houses thereon; Stanley, appellee, at the request of Rigden, performed work and furnished materials in the construction of such houses to the amount and value of $866.59. June 25, 1890, Rigden agreed to sell Marean, appellant, the houses and lots, which sale was to be completed on or before July 7, 1890. This sale was not completed until September 11, 1890. September 11, 1890, at 1.40 p. m., Stanley filed in the office of the clerk and recorder of Arapahoe county notices in due form of his intention to claim liens upon the property in controversy, for the amount due him for work and labor performed and materials furnished in the erection of the houses aforesaid. Same date, at 3.40 p. m., Rigden's deed conveying to Marean, appellant, the property involved, was filed for record in the same office. A suit instituted by Stanley to foreclose his liens, to which Marean was made defendant, resulted in a decree of foreclosure in favor of Stanley, pertinent portions of which decree are:

"Wherefore, it is ordered and decreed, and the court doth hereby order, adjudge and decree that the plaintiff (Stanley) do have a lien established and determined upon said lot No. 33, block No. 8, Highland Park, in said county, with a double house thereon

standing, for the sum of $480.63, interest included, and $1.50, expended for recording and verifying said lien statement; and also on lot No. 11, block No. 5, Highland Park, in said county, with six houses thereon standing for the sum of $542.52, including interest, and $1.50, expended for recording said lien statement.

"That the sheriff of said county shall make sale separately of said two lots respectively, and the houses thereon standing respectively, to satisfy and pay each of said two liens thereon, and costs of suit, at public auction to the highest and best bidder for cash, as in the case of the foreclosure of mortgages; and after giving public notice, as provided by law, within the time and in the manner provided for sales on executions, issued out of courts of record in this state, with the right of the owner and creditors to redeem the same, as provided in the case of sales on executions and out of the proceeds of said sales, said sheriff shall pay:

"First. The costs of these proceedings, his commissions, and the expenses of the sales.

"Second. To the plaintiff (Stanley) the sum of $405.87 and $460.64 and interest from the dates above stated, including the respective sums paid for recording and verifying said lien statements, amounting in all to the sum of $1,026.15 and interest, and the surplus, if any, to the defendant, W. A. Marean."

No personal judgment was rendered in favor of Stanley against either Marean or Rigden.

It is stated in *Marean v. Stanley*, 5 Colo. App. 335, 337, that previous to the institution of the foreclosure proceedings Stanley had recovered a personal judgment against Rigden, which probably accounts for the fact that no personal judgment against Rigden was sought or rendered in the foreclosure proceedings.

Marean sued out of the court of appeals a writ of error to review the judgment and decree of foreclosure above quoted from. ·

The court of appeals affirmed the judgment.—*Marean v. Stanley, supra.*

Marean appealed to the supreme court, which appeal was dismissed.—*Marean v. Stanley,* 21 Colo. 43.

The bond given on appeal from the court of appeals to the supreme court is the one here in suit.

The complaint herein is in the usual form, in actions of this character, and was met by an answer which, in addition to denials, voluminously set forth the history of the transactions, proceedings and litigation between Stanley, Rigden and Marean down to the time of the filing of the answer.

A motion by plaintiff for judgment on the pleadings was sustained, and judgment for $1,753.40 was rendered against Marean and his sureties, to review which this appeal was taken to the court of appeals.

The order of the court of appeals allowing the appeal to the supreme court is: "At this day comes plaintiff in error (Marean) and prays an appeal to the supreme court of this state, which is allowed on condition that he file herein by November 10th, proximo, his appeal bond in the penalty of $2,000, conditioned according to law, and with sureties approved by the clerk of this court."

Section 406o, Mills' Ann. Code, regulates appeals from the court of appeals to the supreme court, pertinent portions of which are: " * * * Appeals shall be perfected * * * in the same manner and under the same conditions as in cases brought from other courts."

Section 388, Mills' Ann. Code, relates to appeal bonds and is pertinent: " * * * Which bond shall be in a reasonable sum, sufficient to cover the amount

of the judgment appealed from and costs, conditioned for the payment of the judgment, costs, interest and damages, in case the judgment shall be affirmed, and also for the due prosecution of the appeal; and the obligee in such bond may, at any time on a breach of the condition thereof, have and maintain a civil action as on other bonds.''

The recitals and condition of the bond here in suit are:

''Whereas, the said Gilbert Stanley did, on the 22d day of November, A. D. 1894, at a term of the court of appeals then being holden within and for the state of Colorado, obtain a decree affirming a decree of the district court of Arapahoe county, Colorado, *against the property of the above bounden W. A. Marean* for the sum of one thousand and twenty-six dollars and fifteen cents and costs of suit, from which decree the said W. A. Marean has prayed for, obtained and taken an appeal to the supreme court of said state:

''Now the condition of the above obligation is such that if the said W. A. Marean shall duly prosecute the said appeal and shall pay and satisfy the judgment, costs, interest and damages, in case the judgment shall be affirmed by the supreme court, whether judgment shall be given by the supreme court or by the said court of appeals, then this obligation to be null and void, otherwise to remain in full force and virtue.''

It is the contention of appellee that, by virtue of the bond in suit, upon the dismissal of the appeal in *Marean v. Stanley,* 21 Colo. 43, Marean and his sureties became liable to pay Stanley the amount found due him by the decree in the foreclosure suit and this notwithstanding the fact that the judgment or decree in that proceeding was not a personal or money judgment against either Marean or Rigden.

This contention cannot be upheld. It is opposed to reason, justice, and all the authorities. The decree in the foreclosure suit was a final judgment.—*Stanley v. Mfg. Co.*, 25 Colo. 379; *St. Joe Co. v. First Nat. Bank*, 24 Colo. 540. That judgment affected Marean's property, and he was entitled to have it reviewed either upon appeal or writ of error.

To hold that in order to secure such review it was necessary for Marean to file a bond which would have made himself and sureties responsible for the payment and satisfaction of a decree and judgment which he did not owe would be most unreasonable and unjust, and such ruling would, in many similar cases, deprive litigants of the right to have judgments and decrees reviewed by the appellate courts wherein valuable rights and important questions had been adjudged adversely to them unless they became personally responsible for the payment, satisfaction and performance of all parts of the decree or judgment rendered in the case sought to be reviewed.

In *Kephart v. Bank*, 4 Mich. 602, the bank held a mortgage subsequent to the one sought to be foreclosed, and appealed from a decree of foreclosure, executing a bond conditioned: "To pay, satisfy or perform the decree or final order of the supreme court, and pay all costs in case the decree or order of the court of chancery shall be affirmed."—Rev. Stats. 1838, p. 379, sec. 152.

Suit was commenced on this bond to recover of the bank and its sureties a large deficiency remaining after the sale of the mortgaged property. The court said:

"The decision of this cause depends upon the construction to be given to the statutes cited. Was it the intention of the legislature to require the appellant to give a bond conditioned for the payment, satisfaction or performance of the decree of the supreme

court in those respects in which the decree itself
should not require payment, satisfaction or perform-
ance by the party bringing the appeal, or is it the
more reasonable construction to hold that the party
appealing is thereby required to give security for the
payment, satisfaction or performance of the decree,
to the extent that should be by the decree required
of him? We must determine that the latter is the
true construction to be given to the statute under con-
sideration. Any other one would be unreasonable
and unjust. * * * It can hardly be supposed that
the legislature intended to require the party appeal-
ing to put himself under obligation to pay or perform
the decree of the court in those particulars where it
bore upon other parties exclusively, and in which
the court was powerless to decree payment or per-
formance on his part. There is no sound reason to
support such a construction. In order to obtain a
review of the decree by the appellate court, it would
be necessary to bind himself to the performance of
the decree in all its parts, whether he was bound by
the decree to that extent or not, if the construction
should be given contended for by plaintiffs. * * *
To require them to give security to pay such defi-
ciency in the event of the affirmance of the decree
would be unreasonable, and such a construction of
the statute cannot, in our opinion, be sustained. It
is the province and duty of a court of equity to
determine the rights of all the parties in the case
before it, and to pass such decree against the parties
respectively as the nature of the case requires, and
although the decree is an entirety, yet it may and
frequently does embody in its provisions different
and diverse requirements of the respective parties
against whom it is pronounced. In such cases the
decree may and should be considered several. In
this respect there is an entire want of analogy

between the judgment of the court at law and a court of equity, and this furnishes another reason for the construction we have given to the statute.''

To the same effect are *Kennedy v. Nims,* 52 Mich. 153; *Warner v. Cameron,* 64 Mich. 190; *Richardson v. Richardson,* 82 Mich. 305; *Sumrall v. Reid,* 2 Dana (Ky.) 65; *Steele v. Wilson,* 9 Bush (Ky.) 699; *Sosman v. Conklin,* 65 Mo. App. 319; *Trust Co. v. Somerville,* 85 Mo. App. 265.

Our attention has been called to no authorities holding the contrary and we know of none.

While the point here under discussion was not directly before the court in *Stanley v. Mfg. Co.,* 25 Colo. 376, 381, the language there used warrants the construction which we place upon the bond before us.

''The judgment or order from which this appeal is prosecuted is not a money judgment against appellants or one upon which they are personally liable, and they are not, therefore, required to give a bond as a condition precedent to the prosecution of this appeal conditioned for payment of the judgment of which they complain but only for such costs and damages as may be sustained by the appellees in the event the judgment appealed from is affirmed.''

Appellee maintains that the bond *recital* being to the effect that the principal ''shall pay and satisfy the judgment,'' the obligors in this bond are estopped to deny their liability, and cites numerous authorities, including the courts of this state, to the effect that obligors are estopped to deny the *recitals* of their obligation to the prejudice of obligees.

Appellants are not attempting to deny the *recitals* of the bond. On the contrary they are invoking the recitals and asking that they may be construed for the purpose of determining their liability.

Upon the proposition now under consideration, appellee has misconceived the purport of appellants'

answer, the issues raised thereby and the position taken by the appellants in this court, and for this reason the authorities cited by him are inapplicable.

The court erred in sustaining plaintiff's motion for judgment on the pleadings.

The complaint does not aver that the costs of the appeal to the supreme court were unpaid, or that plaintiff has sustained any damages by reason of the appeal. The judgment will be reversed, the cause remanded with directions to the court below to dismiss the action.    *Reversed.*

Chief Justice Gabbert and Mr. Justice Gunter concur.