# REPORTS

OF THE

## DECISIONS OF THE

# COURT OF APPEALS

OF THE

## STATE OF COLORADO.

## January Term, 1912.

[No. 3301.]

COLORADO AND SOUTHERN RAILWAY CO. .V. DAVIS.

1.  COURT OF APPEALS—*Jurisdiction—Constitutional Question.* The mere assertion that a cause involves a question under the constitution will not entitle the party to a remand thereof to the Supreme Court. Such a question, fairly debatable, must appear from the record.

And the question must be presented by the pleadings, or by pleadings offered and which ought to have been received.

A question as to the constitutionality of a statute upon which the supreme court has already twice expressed itself affirmatively will not be regarded as debatable.

Whether the requirements of the constitution were observed by the legislature in the enactment of a statute, is not one which requires a construction of any of those provisions, and their application to the pending cause being admitted, the question will not be regarded as one which entitles the party to a remand.

2.  CONSTITUTIONAL LAW—*Constitutional Requirements in Legislation—Question One of Fact.* Whether in the enactment of a

statute the requirements of the constitution as to legislation have been observed is one of fact, and can only be litigated upon appropriate pleadings.

*Appeal from the Denver District Court.* HON. SAMUEL L. CARPENTER, JUDGE.

Messrs. DINES, WHITTED & DINES and Mr. J. G. McMURRY, for appellant.

Mr. PHILO B. TOLLES and Mr. THOMAS D. COBBEY, for the appellee.

On motion to remand. Denied.

KING, J., delivered the opinion of the court.

This was an action brought about April, 1903, in the district court of the Second Judicial District in and for the City and County of Denver, to recover for personal injuries alleged to have been received December 15, 1902. Judgment for the plaintiff in the sum of two hundred dollars was rendered March 18, 1904. Appeal was taken to the court of appeals and abstract filed therein October 4, 1904. Upon the termination of the legal existence of the court of appeals the cause went by operation of law into the supreme court, by which it was transferred to the present court of appeals and filed herein October 2, 1911.

On October 13, 1911, the appellant filed in this court its motion to remand said cause to the supreme court of the state of Colorado for determination, for the reason that a decision of said cause necessarily involves and does involve the construction of a provision of the constitution of the state of Colorado.

The act creating the court of appeals provides that if such motion is made before a hearing in any case, and the court shall upon investigation find that

the case is such that a decision necessarily involves
the construction of a provision of the state consti-
tution, the court shall at once and without further
proceedings remand the same to the supreme court
for determination. Under that provision if this case
falls within the class mentioned in the motion, this
court has lost all jurisdiction of the case except for
the purpose of remanding the same to the supreme
court.

The motion made, as applied to the case under
consideration, presents some features which require
careful consideration. And inasmuch as we have
come to the conclusion that the motion should not be
granted for the reason that the decision does not
necessarily involve the construction of a provision
of either the state or federal constitution, we deem
it proper and advisable to state fully the reasons
for our conclusion.

As was said in 1893 by Chief Justice Hayt con-
cerning the old court of appeals: "The statute
creating the court of appeals has been in force in
this state but a short time, and it is obvious that the
practice under it can only be developed and become
settled as the result of experience and judicial de-
cision from time to time as questions shall be pre-
sented." But in this case certain provisions of the
federal and state constitutions have been asserted,
fairly presented, and the effect thereof upon the
jurisdiction of this court should be settled.

It seems to be clear that the mere assertion that
a constitutional question is involved will not be suf-
ficient to divest the court of jurisdiction. It must
appear from examination of the record that the deci-
sion of such question is necessary, and that the ques-

tion raised is fairly debatable and not based on mere assertion. To this extent the authorities seem to be uniform.

*Trimble v. People*, 19 Colo. 187, 192; *McMullin v. Co. Commissioners*, 29 Colo. 478, 481; *Benson, Administrator, v. Christian*, 129 Ind. 535; *Dean v. State*, 159 Ind. 313, 316; *City of Cairo v. Bross*, 99 Ill. 521; *Chaplin v. Comm. of Highways*, 126 Ill. 264; *Williams v. Louisiana*, 103 U. S. 637.

At the trial of this case appellant raised, or attempted to raise, the question that chapter 67 of the laws of the state of Colorado for the year 1901 was in conflict with and in contravention of the provisions of the fifth and fourteenth amendments to the constitution of the United States, and also of section 25 of article 2 of the constitution of this state, in that it seeks to deprive every corporation, company or individual who may employ agents, servants or other employees, of property without due process of law; and also that said act was invalid and not a law because in the final passage of the bill through the senate the provisions of section 22, article 5 of the constitution of the state of Colorado had not been observed, in that the vote thereon was not taken by ayes and noes, and that the names of those voting were not entered on the journal in the senate.

The record discloses the fact that the pleadings do not raise any of these questions. On or immediately preceding the day of the trial an application was made by appellant for leave to file an amendment to its answer, which proposed amendment raised all of the constitutional questions hereinbefore mentioned. The motion to amend was not ruled on until after the introduction, during the trial of cer-

tain testimony on the part of the defendant to show that the requirements of the constitution in the final passage of the bill through the general assembly had not been observed, and testimony by the plaintiff to show that such requirements had been complied with; upon which the court refused leave to file the amendment, and further refused to receive additional testimony offered by the defendant relative to the passage of the bill.

For the reasons stated, the constitutional questions raised then and at this time are not properly before this court for decision so far as they or any of them must have been raised by the pleadings, unless we shall first find that in refusing leave to file said amendment to the answer the trial court abused its discretion, and that therefore, for the purposes of this motion, the amendment must be considered as having been made.

It seems to be clear that the question as to whether the requirements of the constitutional provision as to the passage of the act through the general assembly have been observed, is a question of fact to be decided by the court upon evidence, and that therefore it must, in order to be litigated, be made an issue in the case the same as any other fact, by appropriate pleadings. The supreme court of this state seems to have so decided.

*Rio Grande Sampling Co. v. Catlin,* 40 Colo. 450, 458; *Vindicator Con. Gold Mining Co. v. Firstbrook,* 36 Colo. 498, 510; *Marean v. Stanley,* 21 Colo. 43; *Peckham v. People,* 32 Colo. 140; *Anderson v. Grand Valley Irrigation District, et al.,* 35 Colo. 525.

Admitting, for the purpose of this motion, but not deciding, that these constitutional questions have

been raised in an appropriate way both in the trial court and in this court, does a decision of this case necessarily involve the construction of any of said provisions of the constitution? Applying the rule that the question raised must be open to controversy and fairly debatable, we conclude that as to the question that the act of the general assembly, which for brevity we will call the "co-employee act," is in conflict with or in contravention of the provisions of the federal constitution and the state constitution, in that said act deprives the appellant herein, or any other employer, of property without due process of law, is neither open to controversy nor fairly debatable, for the reason that in two different cases heard and determined by the supreme court of this state since the present case has been pending therein, the same question as applied to the same act of the general assembly has been decided adversely to the contention of appellant herein.

*Vindicator Con. Gold Mining Co. v. Firstbrook,* 36 Colo. 498, 510; *Rio Grande Sampling Co. v. Catlin,* 40 Colo. 452.

And in which cases the supreme court has cited in support thereof the following:

*Munn v. Ill.,* 94 U. S. 113, 134; *Dreyburg v. Merker G. M. & M. Co.,* 55 Pac. 367; *Mo. Pac. Ry. Co. v. Mackey,* 127 U. S. 205.

It does not appear to us that in determining the question as to whether section 22 of article 5 of the state constitution relative to the passage of the bill through the general assembly has been observed, requires a construction of the provisions of that section of the constitution in any of the various meanings of the word "construction." No question has been

raised in argument or otherwise, during the progress of this case for the seven years during which it has been in the courts, of the meaning of the terms of that section thereby requiring an interpretation thereof. They seem to be plain and their meaning admitted and not a subject of dispute. Neither has any question been raised as to the application of that section, or those provisions, to the subject matter under discussion, but its application thereto is admitted. Appellant's proposition relates to a question of proof and not to one of construction. Therefore, the only question pertaining to the constitution necessary to be considered in deciding this case, is as to whether these recognized and admitted requirements have been complied with. And even that question is eliminated if the issue must be raised by appropriate pleadings.

The motion to remand is accordingly denied.